

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

February 7, 2024

**VIA ECF**

Hon. Arlene R. Lindsay, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

      Re:   *Cruz v Demarco Bros Landscaping & Tree Service Corp, et al.*
               Case No. 2:23-cv-9200 (GRB)(ARL)

Dear Judge Lindsay:

    I represent the Plaintiffs in the above referenced FLSA collective action. By this letter Plaintiffs respectfully request that the statute of limitations be tolled for putative opt-in plaintiffs during the pendency of Court-ordered mediation, and that the Plaintiffs be directed to not file a motion for conditional certification during this period. More specifically, the Plaintiffs request an order providing that

(1) Plaintiffs shall not file a motion for conditional certification until two weeks after the date on which the report of the mediator is filed with the Court, and *only* if the case is not settled; and

(2) That the statute of limitations with regard to any putative opt-in who later files a consent to join the FLSA claims be tolled from the date hereof until two weeks after the date on which the report of the mediator is filed with the Court.

    The action was commenced on December 15, 2023 as a collective action. On February 5, 2024 the Court issued a FLSA Initial Discovery and Mediation Referral Order. The order is silent as to collective action motion practice and tolling of the statute of limitations during the pendency of Court-ordered mediation.

    On January 23, 2024 and again on February 2, 2024 we forwarded a proposed stipulation to Defense counsel asking that, in order to avoid the necessity of early motion practice, the Defendants stipulate to tolling of the FLSA statute of limitations for putative opt-ins. The stipulation provided that the Plaintiffs would not resort to collective action motion practice during the time that the statute is tolled.

Hon. Arlene R. Lindsay, USMJ                                              MOSER LAW FIRM, PC 
Re:     *Cruz v Demarco Bros Landscaping & Tree Service Corp, et al.*
Page 2

       I have conferred in good faith with the Defendants' counsel in an attempt to resolve the issues raised herein. Defendants' counsel has confirmed in writing and verbally that the Defendants will not stipulate to toll the statute of limitations.

       "The doctrine of equitable tolling allows a court to toll a statute of limitations when a claimant can demonstrate that they have pursued their rights diligently and that some extraordinary circumstance stood in the way of timely asserting their rights." *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-cv-6950 (AT) (RWL), 2021 U.S. Dist. LEXIS 212872, at *18 (S.D.N.Y. Nov. 3, 2021)(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)). Whether equitable tolling applies is determined "on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.), *cert. denied*, 531 U.S. 968, 121 S. Ct. 404 (2000). It is well settled that the FLSA's 2 (or 3) year statute of limitations continues to run until a putative opt-in files a consent form with the court. *See Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 (SLT), 2011 U.S. Dist. LEXIS 23115, at *3 (E.D.N.Y. Mar. 8, 2011). Delays which occur during the pendency of an FLSA action, such as the necessary delay in ruling on a motion for conditional certification have been found to be a basis for equitable tolling. *See Yahraes*, 2011 U.S. Dist. LEXIS 23115 (SLT).

                                                        Respectfully submitted,

                                                         *Steven J. Moser*
                                                         Steven J. Moser

CC:     All counsel of record via ECF