LAW OFFICES OF MICHAEL P. GIAMPILIS, P.C.
2 SUPREME COURT
SMITHTOWN, NY 11787
(516) 739-5838
(631) 406-6437
mgiampilis@giampilislaw.com

February 13, 2024

**VIA ECF**
Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11717

Re:     **Letter in Opposition to Plaintiffs' Motion Request to Toll the Statute of**
        **Limitations of Potential Putative Opt-In Plaintiffs**
        Cruz, et al. v. Demarco Bros. Landscaping & Tree Service Corp., et al.
        United States District Court, EDNY Case No. 2:23-cv-9200 (GRB) (ARL)

Dear Justice Lindsay:

        This firm represents all defendants in the above referenced action.

        This letter is written in response to the Plaintiffs' motion seeking to toll the statute
of limitations for possible future opt-in plaintiffs, and the establishing of a filing deadline
for a potential future motion for conditional certification by Plaintiffs (Docket no. 13)
(the "Motion"). Defendants oppose that portion of the Motion regarding the tolling of the
statute of limitation regarding future opt-in plaintiffs, and takes no position regarding
Plaintiffs' other Motion relief request for an Order setting the time for which Plaintiffs'
can file their motion for conditional certification.

        The Motion relief seeking the tolling of the statute of limitations for possible
putative opt-in plaintiffs who may later file a consent to join this action is unwarranted
and premature, and therefore must be denied. Unlike Rule 23 class actions, in a FLSA
collective action, the limitations period continues to run for each plaintiff until he or she
files written consent with the Court to join the lawsuit." Jackson v. Bloomberg, 298
F.R.D. 152, 170 (S.D.N.Y. 2014). The Second Circuit has held that any exception to this
rule should be invoked "only in rare and exceptional circumstances." Mendoza v. Ashiya
Sushi 5, Inc., No. 12 Civ. 8269, 2013 WL 5211839, at *10 (S.D.N.Y., Sept. 16, 2023)
(quoting Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80 (2d Cir.,
2003). There are no rare or exceptional circumstances that the Court should consider at
this point and thus, plaintiffs' premature Motion relief request must be denied.

Defendants thank the Court for its time and consideration in this matter.

Sincerely,

Michael P. Giampilis

cc:      Steven J. Moser, Esq. (via ECF)