UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OSCAR CRUZ, MYNOR POLANCO and CARLOS
VASQUEZ individually and on behalf of all others
similarly situated,

                         Plaintiffs,                         **ORDER**
                                                                                23-CV-9200 (GRB) (ARL)
          -against-

DEMARCO BROS LANDSCAPING & TREE SERVICE
CORP doing business as Frank Giovinazzo Tree Service
doing business as Frank Giovinazzo North Shore Tree Service
doing business as North Shore Tree Service. and THEODORE
PASSELIS,

                         Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the Court is the plaintiffs' motion seeking to toll the statute of limitations for putative opt-in plaintiffs during the pendency of Court-ordered mediation. The plaintiffs also seek to clarify that they need not file a motion for conditional certification until the completion of the mediation. The defendants oppose the motion to the extent it seeks to toll the statute of limitations. For the reasons set forth below, the motion is denied.

       The plaintiffs commenced this action on December 15, 2023. On February 5, 2024, the undersigned issued a FLSA Initial Discovery and Mediation Referral Order that requires the parties to exchange certain discovery by March 21, 2024, and to meet and confer by April 22, 2024, in a good-faith effort to settle all pending issues, including attorneys' fees and costs. On or before April 30, 2024, the parties are then to report to the Court: (1) whether the parties have reached an agreement to settle the case or (2) if they are unable to settle the matter on their own, whether they choose to participate in a formal mediation before an EDNY mediator or a private mediator. All parties in FLSA cases pending before the undersigned must participate in mediation if they have been unable to settle the case on their own.

       While the plaintiffs are correct that the FLSA Initial Discovery and Mediation Referral Order does not set a specific date by which the plaintiff must file a motion for conditional certification, it does address instances in which collective certification motions are filed in advance of the mediation. Specifically, the Order requires parties in collective actions to exchange initial documents for opt-in plaintiffs in the same way as they are required to exchange documents for named plaintiffs. The Court will not set a date by which a conditional certification motion is to be filed. That is a determination that must be made by counsel.

Moreover, with respect to the plaintiffs' request to toll the statute of limitations for putative opt-ins to avoid the necessity of early motion practice, that request is also denied. The defendants have correctly noted that tolling should be invoked "only in rare and exceptional circumstances." *Mendoza v. Ashiya Sushi 5*. Inc., No. 12 Civ. 8269, 2013 WL 5211839, at *10 (S.D.N.Y., Sept. 16, 2023). "In an FLSA collective action, 'the limitations period continues to run for each plaintiff until he or she files written consent with the court to join the lawsuit.'" *Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 355 (S.D.N.Y. 2017) (citing *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014)). "[A] district court may toll the limitations period to avoid inequitable circumstances," but only after "giving due consideration to whether the plaintiffs have acted with reasonable diligence in pursuing their claims and whether the circumstances are extraordinary enough to warrant equitable relief.'" *Id*. The Court does not believe the circumstances in this case are extraordinary.

Dated: Central Islip, New York
      February 15, 2024

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge