

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

July 9, 2024

**VIA ECF**

Hon. Arlene R. Lindsay, USMJ
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

      Re:    *Cruz v Demarco Bros Landscaping & Tree Service Corp,*
               Case No. 2:23-cv-9200 (GRB)(ARL)

Dear Judge Lindsay:

      We represent the Plaintiffs in the above referenced FLSA action. Please accept this letter motion to accept the consent form signed by German de Jesus Portillo on July 1, 2024 and filed on July 5, 2024 (ECF No. 18). Section 6 of the Court Authorized Notice mailed to all prospective collective action opt-ins states that consent forms must be postmarked by June 26, 2024.

      We notified the court on June 26, 2024 that no opt-in notices had been received. However, after the close of business on June 26, 2024 we received a telephone call from Mr. German de Jesus Portillo advising that he had misplaced his notice packet and wanted to join the case. His consent form was signed on July 1, 2024, only three (3) business days after the close of the opt-in period. The opt-in period itself was extremely brief (only 30 days).

      **The standard.**

      When deciding whether to deem late opt-in consent forms timely in an FLSA action, "courts consider factors such as (1) whether good cause exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Benavidez v. Piramides Mayas, Inc.*, 2013 U.S. Dist. LEXIS 55586, at *5 (S.D.N.Y. Apr. 15, 2013)(quoting *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009) (internal quotations omitted). None of these factors is dispositive. *See Benavidez* 2013 U.S. Dist. LEXIS 55586, at *5 (accepting late opt-ins who did not provide good cause where defendants would not suffer prejudice); *Ruggles*, 687 F. Supp. 2d at 37 (accepting late opt-ins who did not offer good cause, because "all of the other factors weigh[ed] in their favor.").

*Huggins v. Chestnut Holdings Inc.*, No. 18 Civ. 1037 (PAC), 2021 U.S. Dist. LEXIS 89742, at *2 (S.D.N.Y. May 10, 2021).

Hon. Arlene R. Lindsay, USMJ             MOSER LAW FIRM, PC
Re:  *Cruz v Demarco Bros Landscaping & Tree Service Corp,*
Page 2

      Here, all of the factors weigh in favor of accepting Mr. Portillo's opt-in form as timely filed.

      *First*, there is good cause.  The opt-in plaintiff's failure to file was unintentional, the opt-in period was extremely brief, and he acted with diligence upon finding the papers which he had misplaced.

      *Second*, Defendants will not be prejudiced by the addition of a single opt-in.  Discovery has not yet commenced and mediation has yet to be scheduled.

      *Third,* the opt-in form was signed by Mr. Portillo only 3 business days after the close of the opt-in period and filed shortly thereafter.  *See Huggins*, 2021 U.S. Dist. LEXIS 89742, at *5 (characterizing a two week delay as "not unduly late"); *Lubas v. JLS Grp., Inc.*, No. 18-CV-6611-DG-SJB, 2021 U.S. Dist. LEXIS 85742, at *2-3 (E.D.N.Y. Apr. 9, 2021) (characterizing a two-week delay as de minimis).

      *Fourth*, judicial economy clearly favors joinder. "'Obviously, there is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future' pursuant to Federal Rule of Civil Procedure 42(a)." Huggins, 2021 U.S. Dist. LEXIS 89742, at *2 (citing *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d at 37).

      *Fifth* and finally, the FLSA's remedial purposes, are best served by allowing the late opt-in to join this collective action. Id.

      **Conclusion.**  For the foregoing reasons, we respectfully request that the opt-in form of German de Jesus Portillo (ECF No. 18) be deemed timely filed or, in the alternative, that the time for him to file his opt-in form be extended to July 5, 2024, *nunc pro tunc*.

      Respectfully Submitted,

      *Steven J. Moser*
      Steven J. Moser

CC:    All counsel of record via ECF