**LAW OFFICES OF MICHAEL P. GIAMPILIS, P.C.**
2 SUPREME COURT
SMITHTOWN, NY 11787
(516) 739-5838
(631) 406-6437
mgiampilis@giampilislaw.com

July 19, 2024

**VIA ECF**
Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11717

Re:   **Opposition to Plaintiffs' Motion for extension of time to file late Consent Form**
        Cruz, et al. v. Demarco Bros. Landscaping & Tree Service Corp., et al.
        United States District Court, EDNY Case No. 2:23-cv-9200 (GRB) (ARL)

Dear Justice Lindsay:

      This firm represents all Defendants in the above referenced action. This letter is written in opposition to the motion filed by Plaintiffs (ECF No. 19) in the above matter seeking the Court's approval of their self-admitted late filing of a potential opt-in plaintiff consent form executed by German de Jesus Portillo (ECF No. 18) in response to the Court authorized notice mailed to all potential collective action opt-ins (the "Notice").

      It is incumbent on late opt-in plaintiffs to show good cause for their untimely consent filings. *Ayers v. SGS Control Control Services, Inc.*, 2007 WL 3171342 (S.D.N.Y., 2007) quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989) which affirmed the trial court's discretion in FLSA actions to "set cutoff date for the filing of consents, as it is bound to do if the action was to proceed in diligent fashion." In this matter, Mr. Portillo fails to submit an affidavit in support of the plaintiffs' motion showing good cause for allowing his late consent. Instead, plaintiffs' counsel offers his alleged understanding of why Mr. Portillo was late in executing his consent form.

      Even if we accept the plaintiffs' contention that the five (5) pronged standard promulgated under *Huggins v. Chestnut Holdings Inc.*, 2021 WL 1885259 (S.D.N.Y., 2021) applies, Defendants would clearly be prejudiced by the inclusion of Mr. Portillo in this collective action. Defendants are a small landscaping business that operates in Long Island, New York. The increase of the plaintiff class from 3 to 4, and increase of 33%, greatly prejudices the Defendants in that the potential future discovery and other litigation costs could have far reaching financial and business implications for

Defendants. The parties engaged in intensive negotiations for at least three (3) months regarding all Notice terms and conditions, including the deadline date of June 26, 2024. Indeed, the parties agreed to present the deadline date on the first page of the Notice in bold lettering to ensure that any potential opt-ins would fully understand the importance of the Notice and its deadline. The Notice was also translated into Spanish to ensure that defendants' Spanish speaking employees would be able to read the Notice in their native language. Only after the conclusion of our Notice negotiations was the Notice presented to the Court for its approval. The parties were fully aware of the implications of the deadline date. Further, Defendants agreed to stipulate to the Notice to avoid: (i) additional costs involved in motion practice, and (ii) allowing the Court to determine the terms and conditions of the Notice including the setting of the Notice deadline date. Defendants worked to minimize the fear of additional opt-in plaintiffs later in this action. Allowing Mr. Portillo to join this action now would render the Notice terms negotiated by the parties meaningless.

For the foregoing reasons, Defendants respectfully request that this Court deny plaintiffs' motion allowing Mr. Portillo's late consent to be a collective action party be denied in its entirety. Thank you for your attention to this matter.

Sincerely,

*s/ Michael P. Giampilis*
Michael P. Giampilis