

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

February 5, 2025

**VIA ECF**

Hon. Arlene R. Lindsay, USMJ
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

      Re:    *Cruz v Demarco Bros Landscaping & Tree Service Corp*
               Case No. 2:23-cv-9200 (GRB)(ARL)

Dear Judge Lindsay:

      Plaintiffs, by this letter respectfully request that the Court direct discovery to be completed by April 30, 2025 and that a date for commencement of dispositive motion practice be set consistent with Judge Brown's rules.  We also seek an order compelling the Defendants to respond to Plaintiffs' Requests for Production and Interrogatories dated October 30, 2024.

      On February 5, 2024, the Court issued an FLSA Initial Discovery and Mediation Referral Order.  That order referred the parties to mediation if they were unsuccessful in reaching a settlement.  In August 2024, following a period of Court-prescribed discovery, the parties notified the Court of their proposed mediator.  On October 29, 2024 the mediator reported that the case had not been settled.

      On October 30, 2024 Plaintiffs served document requests and interrogatories upon the Defendants, copies of which are annexed hereto as Exhibits 1 & 2. Responses were due on November 27, 2024.  The Defendants finally furnished responses on January 7, 2024 under the threat of motion practice, copies of which are annexed hereto as Exhibits 3 & 4.  However:

- The Defendants' responses to the document requests asserted non-specific objections in violation of Rule 34(b)(2)(B)[1] and failed to state whether responsive documents were withheld on the basis of said objections as required by Rule 34(b)(2)(C)[2]. Moreover, Defendants did not "organize and label [their document production] to correspond to the categories in the request" as required by Rule (b)(2)(E)(i).

---

[1] The Rule requires that "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."
[2] The Rule requires that "An objection must state whether any responsive materials are being withheld on the basis of that objection."

Hon. Arlene R. Lindsay, USMJ

MOSER LAW FIRM, PC



Re:     *Cruz v Demarco Bros Landscaping & Tree Service Corp*

Page 2

- The interrogatory responses did not state objections with specificity as required by Rule 33(b)(4), were simply non-responsive, and in many cases simply referred to the Defendants' *entire* document production.  Moreover, in response to Interrogatory No. 7 which asks the Defendants to "Identify any documents that support your stated reasons why Oscar Cruz, Mynor Polanco, and Carlos Vasquez are no longer employed by Demarco Bros Landscaping & Tree Service Corp", defendants responded "Theodore Passelis."

Plaintiffs notified the Defendants of the deficiencies by letter dated January 13, 2025, a copy of which is annexed hereto as Exhibit 5.  On January 22, 2025 I spoke personally via phone with the attorney representing the Defendants in an effort to resolve the deficiencies in Defendants' responses to Interrogatories and Document Requests.

The interrogatories seek basic information about the Plaintiffs' dates of employment, wages and hours, and seek the identification of relevant documents and witnesses.  The document requests likewise ask for the defendants to produce relevant documents concerning the Plaintiffs' hours, wages and employment.

For the foregoing reasons, we respectfully request an order directing the Defendants to respond fully and without objection to Plaintiffs' Interrogatories and Document Requests on or before February 28, 2025, and setting a date for completion of all fact discovery of April 30, 2025.

Respectfully Submitted,

*Steven J. Moser*

Steven J. Moser

CC:     All counsel of record via ECF