UNITED STATES DISRICT COURT FOR
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
Oscar Cruz, Mynor Polanco, Carlos Vasquez, and : Case No. 2:23-cv-9200 (GRB)(ARL)
German DeJesus Portillo, :
 :
                         Plaintiffs, : **DEFENDANTS' RESPONSES TO**
 : **PLAINTIFFS' FIRST SET OF**
                      - against - : <u>**INTERROGATORIES**</u>
 :
Demarco Bros Landscaping & Tree Service Corp d/b/a :
Frank Giovinazzo Tree Service d/b/a Frank Giovinazzo :
North Shore Tree Service d/b/a North Shore Tree Service, :
and Theodore Passelis, :
 :
                        Defendants. :
---------------------------------------------------------------------- X

      Defendants Demarco Bros Landscaping & Tree Service Corp d/b/a Frank Giovinazzo Tree Service d/b/a Frank Giovinazzo North Shore Tree Service d/b/a North Shore Tree Service ("Demarco"), and Theodore Passelis (hereafter collectively referred to as "Defendants"), by and through their attorneys, Law Offices of Michael P. Giampilis, P.C., provides its Responses to Plaintiffs' First Set of Interrogatories dated October 30, 2024 to the Defendants as follows:

1. The information requested in this Interrogatory is provided in the Defendants' Responses to Plaintiffs' First Request for Production to Defendants ("Defendants' Discovery Responses") served simultaneously with this document, and previously served time and pay records for plaintiffs Oscar Cruz, Mynor Polanco, and Carlos Vasquez on plaintiff's counsel's office via email on April 16, 2024 and April 23, 2024 in accordance with the Court's Order dated February 5, 2024. All named plaintiffs were landscaping helpers for Demarco.

2. None.

3. The information requested in this Interrogatory is provided in the Defendants' Discovery Responses served simultaneously with this document, and previously served time and pay records for plaintiffs Oscar Cruz, Mynor Polanco, and Carlos Vasquez on plaintiff's counsel's office via email on April 16, 2024 and April 23, 2024 in accordance with the Court's Order dated February 5, 2024.

4. *See* Defendants' response to Interrogatory no. 3 above.

5. *See* Defendants' response to Interrogatory no. 3 above.

6. The Plaintiffs all chose to leave their employment with Demarco. They did not provide a reason why they quit.

7. Theodore Passelis

8. No one fired the plaintiffs. Plaintiffs quit their employment at Demarco on their own.

9. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to unreasonably annoy and harass Defendant. Nonetheless, Defendants assert that all plaintiffs were paid correctly while employed at Demarco.

10. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to unreasonably annoy and harass Defendant. Nonetheless, Defendants assert that all plaintiffs were paid correctly while employed at Demarco.

11. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to

unreasonably annoy and harass Defendant. Nonetheless, *see* Defendants' response to Interrogatory no. 3 above.

12. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to unreasonably annoy and harass Defendant. Nonetheless, Theodore Passelis is the President of Demarco and would have knowledge regarding the business of Demarco.

13. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to unreasonably annoy and harass Defendant.

14. *See* Defendants' response to Interrogatory no. 3 above.

15. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to unreasonably annoy and harass Defendant.

16. *See* Defendants' response to Interrogatory no. 3 above.

17. *See* Defendants' response to Interrogatory no. 3 above.

18. Defendants object to this interrogatory to the extent that it seeks information which is neither relevant to the issues of law and fact in this action, nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendants object to this Interrogatory insofar as it is oppressive, palpably improper, unduly burdensome, imposes an undue burden on Defendants and/or is intended to unreasonably annoy and harass Defendants.

19. Defendants object to this interrogatory to the extent that it seeks information which is neither relevant to the issues of law and fact in this action, nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendants object to this Interrogatory insofar as it is oppressive, palpably improper, unduly burdensome, imposes an undue burden on Defendants and/or is intended to unreasonably annoy and harass Defendants.

20. Defendants object to this interrogatory to the extent that it seeks information which is neither relevant to the issues of law and fact in this action, nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendants object to this Interrogatory insofar as it is oppressive, palpably improper, unduly burdensome, imposes an undue burden on Defendants and/or is intended to unreasonably annoy and harass Defendants.

***Defendants reserve the right to supplement these interrogatory responses as additional information becomes available.***

Dated: January 7, 2025
Smithtown, New York

LAW OFFICES OF
MICHAEL P. GIAMPILIS, P.C.

*/s Michael P. Giampilis*
By: Michael P. Giampilis (MG3386)
Attorney for All Defendants
2 Supreme Court
Smithtown, New York 11787
(516) 739-5838
(631) 406-6437 fax
mgiampilis@giampilislaw.com

To:    Steven John Moser, Esq.
       Moser Law Firm, P.C.
       Attorneys for Plaintiff
       5 E Main Street
       Huntington, New York 11743
       (631) 824-0200
       steven.moser@moserlawfirm.com

## VERIFICATION

STATE OF NEW YORK    }
COUNTY OF Suffolk    } ss:.

      THEODORE PASSELIS, being duly sworn deposes and says that:

      Your deponent is the President of Demarco Bros Landscaping & Tree Service Corp., a domestic corporation and defendant in the within action. Your deponent has read the foregoing Responses to Interrogatories, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. This verification is made by me because the above party is a corporation and I am an officer thereof. The grounds of my knowledge are my personal knowledge and a review of relevant books and records of the corporation.

                                                         _____
                                                        THEODORE PASSELIS

Sworn to before me, this
7th day of ~~December, 2024~~ January, 2025
_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public, State of New York
No. 02GI6086632
Qualified in Queens County
Commission Expires January 27, 20 27

## VERIFICATION

STATE OF NEW YORK    }
COUNTY OF Suffolk    } ss:.

THEODORE PASSELIS, being duly sworn deposes and says that:

Your deponent is a named defendant in the within action. Your deponent has read the foregoing Responses to Interrogatories, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. The grounds of my knowledge are my personal knowledge and a review of relevant books and records.

_____
THEODORE PASSELIS

Sworn to before me, this
___ day of December, 2024 January, 2025
_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public. State of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 20 27