

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

January 13, 2025

**VIA EMAIL TO mgiampilis@giampilislaw.com**

Michael P. Giampilis, Esq.
Law Offices of Michael P. Giampilis, P.C.
2 Supreme Court
Smithtown, New York 11787

Re:   *Cruz v Demarco Bros Landscaping & Tree Service Corp*
       Case No. 2:23-cv-9200 (GRB)(ARL)

Dear Michael:

I have reviewed the Defendants' Responses to Plaintiffs' Document Requests and Interrogatories. As set forth in this letter, the responses are so completely deficient as to constitute a failure to respond. Responses were due on November 27, 2024.

**DEFENDANTS HAVE FAILED TO RESPOND TO THE REQUEST FOR DOCUMENTS**

**The Defendant has asserted "General Objections."** The Defendants begins by asserting general objections that apply to each request. Such general objections are improper. *OnActuate Consulting, Inc. v. Aeon Nexus Corp.*, No. 1:20-CV-508 (LEK/CFH), 2023 U.S. Dist. LEXIS 138446, at *13 (N.D.N.Y. Aug. 8, 2023); Fed. R. Civ. P. 34(2)(B) ("the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."). We ask that the general objections be withdrawn.

**The Defendants has asserted "boilerplate" objections.** For example, Defendants object to RFP No. 5 on the basis that it is not "reasonably calculated to lead to the discovery of admissible evidence.[1] In addition, Defendants object to this demand insofar as it is oppressive, palpably improper, unduly burdensome, imposes an undue burden on Defendants and/or is intended to unreasonably annoy and harass Defendants." Defendants invoke boilerplate objections to Requests 5-11, 14-19 and 22-23. Such boilerplate objections are improper. *Inform Inc. v. Google LLC (In re Google Digit. Advert. Antitrust Litig.)*, No. 1:21-md-03010 (PKC), 2024 U.S. Dist. LEXIS 25769, at *67 (S.D.N.Y. Feb. 12, 2024); Fed. R. Civ. P. 34(b)(2)(B) (requiring that "the grounds for objecting" to a request be stated "with specificity," "including the reasons."); *see Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009) (holding that Defendants' "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack

---

[1] " Aside from being boilerplate, this language was deleted from the Federal Rules in 2015. "

of relevancy . . . are a paradigm of discovery abuse."). We ask that the "boilerplate" objections be withdrawn.

**Defendants have not stated whether they have documents pursuant to the stated objections.** "An objection must state whether any responsive materials are being withheld based on that objection." Fed. R. Civ. P. 34(b)(2)(C). The very purpose of this 2015 amendment to Fed. R. Civ. P. 34 was to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld based on the objections." 2015 Adv. Comm. Notes to Rule 34; *see Fischer v. Forrest*, No. 14 Civ. 1307 (PAE) (AJP), 2017 U.S. Dist. LEXIS 28102, at *4-5 (S.D.N.Y. Feb. 28, 2017). We request clarification on whether any documents have been withheld due to the numerous objections.

**Defendants have not specified what documents are responsive to each request by bates number or other description, or whether any documents have, in fact, been furnished in response to each request.** This is not in compliance with FRCP 34(b)(2)(E)(i), which requires that a producing party "organize and label [documents] to correspond to the categories in [each] request[.]" No document produced by the Defendant bears a bates number. In many cases, the "response" is simply "unresponsive." For instance, we asked for "copies of all checks issued to the Plaintiffs during the relevant time period." In response to the request you simply refer to your entire document production. This is similar to the "responses" to Requests No. 1-4 , 20, and 24.

## DEFENDANTS HAVE FAILED TO RESPOND TO THE INTERROGATORIES

**Improper Objections.** Here the Defendants assert boilerplate and non-specific objections to Interrogatories 9-13, 15, and 18-20, including that the interrogatories are not "reasonably calculated to lead to the discovery of admissible evidence"[2] (which language was deleted from FRCP 26 in 2015). However, "[g]rounds for objections to interrogatories must be stated with specificity." *Winfield v. City of N.Y.*, No. 15-CV-05236 (LTS) (KHP), 2018 U.S. Dist. LEXIS 84040, at *4 (S.D.N.Y. May 18, 2018)(citing Fed. R. Civ. P. 33(b)(4). "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy" are "a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.,* 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

**Responding to specific interrogatories by reference to the Defendants' entire document production.** Defendants respond to Interrogatories Nos. 1, 3, 4, 5, 11, 14, 16 and 17 by referencing their entire document production. "It is not enough that [a responding party] generally that the answer to the interrogatories can be discerned be reviewing the documents that he previously produced." *Brunero v. Vukasinovic,* No. 23-CV-6341 (ER), 2024 U.S. Dist. LEXIS 179369, at *12 (S.D.N.Y. Sep. 30, 2024).

**Incomplete or unresponsive answers.** In response to Interrogatory No. 7 which asks the Defendants to "Identify any documents that support your stated reasons why Oscar Cruz, Mynor

---

[2] General Objection 2.

MOSER LAW FIRM, PC

Polanco, and Carlos Vasquez are no longer employed by Demarco Bros Landscaping & Tree Service Corp", defendant respond "Theodore Passelis."

## CONCLUSION

Please provide complete responses on or before January 17, 2025.

Respectfully,

*Steven J. Moser*

Steven J. Moser