LAW OFFICES OF MICHAEL P. GIAMPILIS, P.C.
2 SUPREME COURT
SMITHTOWN, NY 11787
(516) 739-5838
(631) 406-6437
mgiampilis@giampilislaw.com

February 10, 2025

**VIA ECF**
Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11717

Re:   **Opposition to Plaintiffs' February 5, 2025 Letter Motion requesting discovery to be completed by April 30, 2025, and a setting a date for dispositive motion practice (Docket no. 23)**
Cruz, et al. v. Demarco Bros. Landscaping & Tree Service Corp., et al.
United States District Court, EDNY Case No. 2:23-cv-9200 (GRB) (ARL)

Dear Justice Lindsay:

This firm represents all Defendants in the above action. This letter is written in opposition to the above referenced Letter Motion filed by Plaintiffs (ECF No. 23) in the above matter.

It is the position of Defendants that they responded to the Plaintiff's First Set of Interrogatories to the Defendants, and Plaintiffs' First Request for Production to Defendants (collectively referred to as the "Plaintiff's Demands") as thoroughly and honestly as they could in accordance with the demands made, the information available to Defendants and the law (Docket Doc. 23, Exhibits 1-4). Although the Defendants will abide by your Honor's decision in this matter, it is important to note for the Court, that Defendants had already exchanged copious time and pay records in its possession with plaintiff's counsel on April 16, 2024, and again on April 23, 2024. In total, Defendants provided 248 pages of time and pay records for the 4 named plaintiffs. These documents were repeatedly referenced in the Defendants' discovery responses. Copies of the April 16, 2024 and April 23, 2024 emails delivered to plaintiff's counsel which included all pertinent time and pay records pertaining to the named plaintiffs are attached hereto as Exhibit "A." Defendants' time and pay records are not attached to Exhibit A but were acknowledged as received by plaintiff's counsel after they were sent.

With regard to setting a schedule for open discovery and future dispositive motion practice in this matter, Defendants are not averse to that proposition however, we request that a firm schedule for the open depositions of all parties in this matter be established

also. To date, no party to this action has been deposed due partly to plaintiff's counsel insistence that his office has yet to receive responses to his numerous subpoenas served on non-parties first. Defendants want to depose each of the 4 named plaintiffs. We believe that an end date for all fact discovery into September, 2025 would be fair for all parties.

Lastly, and as an aside, and contrary to Plaintiff's contention, Defendants' responses to Plaintiff's Demands were timely. A copy of the email communications between the parties agreeing first to a January 8, 2025 deadline date for Defendant's response to Plaintiff's Demands ("Defendants' Responses"), and Defendants' delivery of its Defendants' Responses are attached hereto as Exhibit "B."

Based on the foregoing, Defendants defer to the Court's judgment in response to the open motion. Thank you for your attention to this matter.

Sincerely,

*/s Michael P. Giampilis*
Michael P. Giampilis