UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OSCAR CRUZ, MYNOR POLANCO AND CARLOS
VASQUEZ individually and on behalf of all others
similarly situated,

                              Plaintiffs,

                         -against-                                    **ORDER**
                                                                                   23-CV-9200 (GRB) (ARL)

DEMARCO BROS LANDSCAPING & TREE SERVICE
CORP doing business as Frank Giovinazzo Tree Service
doing business as Frank Giovinazzo North Shore Tree
Service doing business as North Shore Tree Service and
THEODORE PASSELIS,

                              Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court is the motion of the plaintiffs seeking to compel the defendants to respond to their Requests for the Production of Documents and Interrogatories dated October 30, 2024. According to the plaintiffs, after a failed attempt to settle the case in mediation, they served the defendants with document requests and interrogatories. On January 7, 2025, the defendants served the plaintiffs with responses that included non-specific objections to the document requests and failed to state whether responsive documents were withheld on the basis of any of the objections. The plaintiffs also complain that the defendants failed to organize or label their document production to correspond to the categories in the request. With respect to the interrogatories, the plaintiffs assert the defendants did not state objections with specificity and in many cases simply referred to their entire document production. Moreover, the plaintiffs claim that in response to Interrogatory No. 7, which asks the defendants to identify any documents that support the reasons why the plaintiffs are no longer employed by the defendants, the defendants simply responded "Theodore Passelis."

      In response to the motion, the defendants assert that they responded to the requests as thoroughly and honestly as they could. Specifically, the defendants contend that they provided time and pay records in their possession but "will abide by the Court's decision in this matter."

      The Court has reviewed the requests and responses and rules as follows:

1. With respect to the document request, on or before March 21, 2025, the defendants are directed to serve the plaintiffs with a revised response that states, with specificity, the grounds for objecting to the requests and whether any responsive materials are being withheld on the basis of that objection. With respect to the documents that were already produced, the defendants shall indicate whether the documents were produced as they were kept in the usual

course of business. If not, the defendants must organize the documents they provided in response to the request and label them to correspond to the categories in the plaintiffs' request.

2. With respect to the interrogatories, the defendants must also serve the plaintiffs with a revised response by March 21, 2025, that states with specificity the grounds for objecting to interrogatories. The defendants shall also elaborate on their answer to No. 7.

3. Within one week of receipt of the revised response, counsel shall meet and confer in person or by telephone to discuss any requests or interrogatories that the plaintiffs have a good faith basis to believe are still incomplete. During that conference, counsel shall also discuss any remaining discovery, including the scheduling of all depositions.

4. On or before April 4, 2025, the parties shall file a joint status letter with the Court that includes a proposed scheduling order.

Dated:  Central Islip, New York　　　　　　　　SO ORDERED:
　　　　March 4, 2025　　　　　　　　　　　　_____/s_____
　　　　　　　　　　　　　　　　　　　　　　ARLENE R. LINDSAY
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge