

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

June 23, 2025

**VIA ECF**

Hon. Arlene R. Lindsay, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

      Re:    *Cruz v Demarco Bros Landscaping & Tree Service Corp*
              Case No. 2:23-cv-9200 (GRB)(ARL)

Dear Judge Lindsay:

Plaintiffs hereby move to strike the Defendants' answer for failure to comply with the Court's FLSA Discovery Order dated February 5, 2024 as amended by the Court's Order dated April 15, 2024, and for failing to comply with the Court's order dated March 4, 2025. In the alternative, Plaintiffs request that the Defendants be ordered to amend their responses to these orders, to appear at a deposition following amendment, and that the date for completion of discovery be extended until September 1, 2025.

## **FACTS**

### I.    Background

On February 5, 2024 the Court issued an FLSA Initial Discovery and Mediation Referral Order. The Order required *inter alia,* that the Defendant furnish the following documents On or before March 6, 2024.

> The time sheets or other time records and payroll records in the Defendant's possession, custody, or control that pertain to work the Plaintiff performed during the period for which the Plaintiff claims unpaid wages[.][1]

On April 15, 2024 the Court issued an order extending the Defendants' time to furnish the payroll documents to April 16, 2024. *See* Proposed Amended Scheduling Order dated April 11, 2024 (D.E. 16) and Docket Order dated April 15, 2024. Defendants produced documents in response to the Court's FLSA discovery order on April 15, 2024.

---

[1] (D.E. 12). A copy of this order is annexed hereto as Exhibit 1.

Hon. Arlene R. Lindsay, USMJ                                          MOSER LAW FIRM, PC
Re:    *Cruz v Demarco Bros Landscaping & Tree Service Corp*
Page 2

On October 30, 2024 Plaintiffs served document requests ("RFPs"), which mirrored the Court's FLSA discovery order in that they requested time records (RFP No. 1) and payroll records (RFP No. 2).[2] The Defendants furnished responses on January 7, 2024. However, those responses did not indicate whether any time or payroll records had been withheld.

Plaintiffs filed a motion to compel on February 5, 2025 (D.E. 23). In response to the motion, Defendants told the Court that they had already furnished all time and payroll records in their possession, custody or control. *See* D.E. 24.

On March 4, 2025 the Court issued an order noting that "the defendants contend that they provided time and pay records[.]"[3] However, the Court ordered the Defendants to "serve the plaintiffs with a revised response [to Plaintiffs' Request for Production of Documents on or before March 20, 2025] that states, with specificity, the grounds for objecting to the requests and whether any responsive materials are being withheld on the basis of that objection[.]" (D.E. 25).

On March 20, 2025 the Defendants indicated for the second time that the prior document production contained all *time and payroll* records "in accordance with the *Court's FLSA Initial Discovery and Mediation Referral Order dated February 5, 2024* ("FLSA Document Order")" and that they were not withholding any time or payroll records.[4]

## II.    Defendants did not furnish all time and payroll records as Ordered by the Court

On May 27, 2025 Defendant Theodore Passelis testified at his deposition. He was presented with weekly "payroll sheets" that Defendants had furnished for 2018 and 2019.[5] Although Defendants did not furnish payroll sheets for 2017, Mr. Passelis testified that he is "sure" that payroll sheets from 2017 exist. Passelis Dep. 20:25-21:4; 21:18-21:20. Although the Defendants did not furnish payroll sheets for the years 2020 through 2023, Mr. Passelis indicated that he *has* those payroll sheets.

On June 11, 2025 I provided Defendants' counsel with an excerpt from Mr. Passelis' Deposition transcript showing that Defendants had not complied with the Court's February 2024 FLSA Discovery order.[6]

## III.   Defendants have not searched for or produced relevant text messages or ESI

---

[2] Relevant portions of Plaintiffs' RFPs are annexed hereto as Exhibit 2.
[3] A copy of this order is annexed hereto as Exhibit 3.
[4] Emphasis supplied. A copy of the relevant portions of Defendants' amended responses to Plaintiffs' RFPs are annexed hereto as Exhibit 4.
[5] Relevant portions of Mr. Passelis' Deposition as well as the *first page only* of the weekly payroll sheets for the first and second half of 2018 (Deposition Exhibits 1-2) and the first and second half of 2019 (Deposition Exhibits 3-4) are annexed hereto as Exhibit 5.
[6] The email containing the deposition excerpt provided to the Defendants is annexed hereto as Exhibit 6.

Hon. Arlene R. Lindsay, USMJ   MOSER LAW FIRM, PC
Re:    *Cruz v Demarco Bros Landscaping & Tree Service Corp*
Page 3

Mr. Passelis testified that he did not search for relevant text messages or ESI.

> Q.    Before today, have you looked through your phone to see if you have any text messages which instruct employees to report to the yard at a certain time?
> \* \* \*
> **A.    No, I never did that, to look for a text message, that's sneaky, I wouldn't do that. To look for a text message?**
> Q.    Yes.
> **A.    No.**

Passelis Dep. 60:18-61:9.

Mr. Passelis later testified that he sent text messages almost on a daily basis to two groups of employees (including the Plaintiffs) concerning the work they were scheduled to do for the company. Passelis Dep. 68:21-70:3.

### IV.    Defendants have falsely denied the existence of documents prepared at the time the Plaintiffs were hired

Plaintiffs also requested that the Defendants provide "all documents concerning the hiring of each plaintiff" (RFP 5) and documents furnished to the Plaintiffs "at or about the time they were hired." (RFP 9). Defendants responded that they had no such records. However, Mr. Passelis testified that such documents exist. Passelis Dep. 78:23-80:14.

### **CONCLUSION**

Rule 37(b), entitled "Failure to Comply with Order" empowers this Court to strike a defendants answer "or parts thereof. . . or [to] render[] a judgment by default" for failure to comply with the Court's order.

> Though a sanction so drastic as striking an answer or entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable, *see, e.g., Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958), the decision to impose such sanctions is committed to the sound discretion of the district court and may not be reversed absent an abuse of that discretion, *see, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976) (per curiam); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989); *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989).

*Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865-66 (2d Cir. 1990).

In February 2024 the Defendants were ordered by the Court to provide all time and payroll records (first by March 6, 2024 and then no later than April 16, 2024). Later, on March 4, 2025, the Court

Hon. Arlene R. Lindsay, USMJ  MOSER LAW FIRM, PC
Re: *Cruz v Demarco Bros Landscaping & Tree Service Corp*
Page 4

ordered the Defendants to explicitly state whether any time and payroll records had been withheld. Defendants failed to produce all time and payroll records in as ordered by the Court in February 2024. Then, in response to the March 5, 2025 order defendants explicitly stated they had fully complied with the Court's February 2024 FLSA discovery order and had not withheld any documents.

On May 27, 2025, Mr. Passelis testified that he is "sure" that he has weekly payroll sheets for the Plaintiffs for 2017, 2020, 2021, 2022 and 2023.

Plaintiffs' respectfully request that the Defendants answer be stricken, or, in the alternative that (1) the Defendants be ordered to amend their responses to the Court's Orders dated February 5, 2024 and March 4, 2025, (2) that the Defendants' deposition be continued after said amendments, and (3) that the end date for all discovery be extended until September 1, 2025.

Respectfully Submitted,

*Steven J. Moser*

Steven J. Moser

CC: All counsel of record via ECF

Encl: Ex. 1: FLSA Discovery Order dated February 5, 2024 (D.E. 12)
      Ex. 2: Portions of Plaintiffs' RFPs dated October 3, 2024
      Ex. 3: Order dated March 4, 2025 (D.E. 24)
      Ex. 4: Portions of Defendants' Amended Responses to Plaintiffs' RFPs dated March 20, 2025
      Ex. 5: Passelis Deposition Transcript with Exhibits dated May 27, 2025
      Ex. 6: Email to Defendants' Counsel dated June 11, 2025