UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OSCAR CRUZ, MYNOR POLANCO, CARLOS VASQUEZ,

                    Plaintiffs,

-against-

DEMARCO BROS LANDSCAPING & TREE SERVICE CORP., THEODORE PASSELIS,

                    Defendants.
-----------------------------------------------------------------X

**FLSA INITIAL DISCOVERY AND MEDIATION REFERRAL ORDER**
CV 23-9200 (GRB)(ARL)

**LINDSAY, Magistrate Judge:**

The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 16. The following order implements that requirement for cases based on the Fair Labor Standards Act (FLSA).

The Rule 26(a)(1) provisions on initial disclosures are temporarily waived in this case. Instead, the parties must utilize the following discovery protocol and comply with the following deadlines and requirements:

    1. On or before March 6, 2024, the parties must serve on each other (but not file) copies of the following:

        Plaintiff[1]: The documents in the Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

        Defendant: (1) The time sheets or other time records and payroll records in the Defendant's possession, custody, or control that pertain to work the Plaintiff performed during the period for which the Plaintiff claims unpaid wages; and (2) any written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating workers performing the relevant type of work.

---

[1] If there is more than one Plaintiff or Defendant, the singular reference to the Plaintiff or Defendant includes the plural.

2. On or before **March 21, 2024**, the Plaintiff must answer the Court's Interrogatories attached to this Order, under oath or penalty of perjury and serve a copy on the Defendant.

3. In collective actions, the exchange of documents in Paragraph 1 will occur for the named Plaintiffs and for the opt-in Plaintiffs who join the action before a court-approved opt-in notice is issued. For all other opt-in plaintiffs, this document exchange will occur within 21 days after the response opt-in notices are filed with the court. Each opt-in Plaintiff will file and serve his or her respective answers to the Court's Interrogatories within 42 days after the opt-in notices are filed.

4. By **April 22, 2024**, after the named Plaintiff answers the Court's Interrogatories, counsel for the Plaintiff and the Defendant must meet and confer, in person, in a good-faith effort to settle all pending issues, including attorneys' fees and costs. The parties, including a representative of each corporate party with full authority, will at a minimum, be available by telephone during the conference to consider and approve any settlement.

5. On or before **April 30, 2024**, counsel must file a joint status report that notifies the Court: (1) whether the parties have reached an agreement to settle the case and will be submitting that agreement to the Court for review and approval; or (2) if they were unable to settle the matter on their own, whether they choose to participate in a formal mediation before an EDNY mediator or a private mediator. All parties must participate in mediation if they have been unable to settle the case on their own. If the parties choose to use a private mediator, they must also provide a specific date for the mediation.

6. On or before **June 14, 2024**, the Plaintiff must provide the Defendant with a copy of any expert report on which the Plaintiff intends to rely for issues on which the Plaintiff has the burden of proof, consistent with Rule 26(a)(2), of the Federal Rules of Civil Procedure.

7. Upon completion of the mediation, counsel must file a Report Regarding Mediation and indicate whether (1) the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval; or whether (2) the parties agree they have exhausted settlement efforts, in which case the Court will issue a discovery schedule.

All discovery in this case is stayed, except as provided in this Order until such time as the Court issues a discovery schedule. Initial disclosures should be exchanged upon completion of the mediation. Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines and requirements.   Exceptions will be granted only for compelling reasons. Failure to comply is a violation of a court order and sanctionable on that basis.   The parties may move to alter this schedule for good cause.   Any such request shall only be made after the parties confer and shall be made by joint letter request filed via this Court's ECF system.

Dated: Central Islip, New York  **SO ORDERED:**
February 5, 2024

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge