

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

October 3, 2025

**VIA ECF**

Hon. Arlene R. Lindsay, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

Re:  *Cruz v Demarco Bros Landscaping & Tree Service Corp,*
 Case No. 2:23-cv-9200 (GRB)(ARL)

Dear Judge Lindsay:

Plaintiffs respectfully oppose the Defendants' motion to extend the deadline for completion of discovery because the Defendants are refusing to comply with their discovery obligations and seek the extension for one-sided discovery.

**Background.**  The Defendants' deposition was commenced on May 27, 2025.  After approximately 2 hours, his deposition was suspended. Mr. Passelis had testified *inter alia* that he had not conducted a diligent search for records either in response to the Court's FLSA discovery order or Plaintiff's document requests.  More specifically.

- Mr. Passelis was "sure" that he had payroll records which he had not disclosed, saying "I'm sure I can find them[.]"

- He has text messages which show when employees were supposed to come to work which had not been furnished.

- His accountant has tax withholding forms signed by the Plaintiffs which he had not furnished.

- He claimed that his Accountant has the hiring notices

- When asked why the defendants had not produced any payroll records whatsoever for the Plaintiff Mynor Polanco, Mr. Passelis testified "I should have them. I do have them.  So I can have that tomorrow for you[.]"

Hon. Arlene R. Lindsay, USMJ
Page 2



MOSER LAW FIRM, PC

- When asked if he had any text messages which supported his claim that employees were only supposed to report to work at a specific time he responded "To be honest, I'm not sure. I don't know if I have anything. I mean, I can start looking through my phone and see[.]"

- He admitted that he never searched his phone for text messages with the Plaintiffs, despite the fact that he had communicated with the employees via text on a daily basis since 2020.

- Mr. Passelis testified that he had many witnesses to his version of the hours worked. When I asked for a list of the witnesses, he responded that he wasn't "hiding anything" and can identify the witnesses.

**The parties agreed that Mr. Passelis' deposition would be continued.** In fact, on June 30, 2025 the Parties submitted a joint request for an extension of the discovery deadline which specifically provided: *"Defendant Theodore Passelis shall testify at his continued deposition on or before August 1, 2025."*

Now, Mr. Passelis is refusing to appear for his continued deposition. Mr. Giampilis is contradicting his own client's testimony, saying that Mr. Passelis simply made a "misstatement during his deposition that he possessed additional documentation[.]" At the Defendant's request, we served supplemental document requests and interrogatories on July 29, 2025. Although according to Mr. Giampilis, "Defendants remain willing to respond to these requests", they have not yet done so and have not indicated when they will do so.

If Defendant were simply seeking an extension of the discovery deadline, we would not oppose the request. However, Mr. Passelis is refusing to complete his deposition and to date failed to respond the Plaintiff's second interrogatories and document requests. For the foregoing reasons, we respectfully oppose the motion for an extension.

Respectfully Submitted,

*Steven J. Moser*
Steven J. Moser

CC:    All counsel of record via ECF