

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

March 16, 2026

**VIA ECF**

Hon. Arlene R. Lindsay, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

Re:   *Cruz v Demarco Bros Landscaping & Tree Service Corp,*
      Case No. 2:23-cv-9200 (GRB)(ARL)

Dear Judge Lindsay:

I represent the Plaintiffs in the above-referenced matter. I respectfully write to request that the Court deny Defendants' Motion to Extend and to issue a protective order with regard to the Defendants' request for "identification cards" from the Plaintiffs.

**Procedural history.** On January 29, 2026 Defendants filed a motion for an extension of time to complete discovery based upon outstanding discovery requests. On February 11, 2026, Plaintiffs furnished detailed responses to all of Defendants' discovery requests. At that time the Plaintiffs furnished information sought by the Defendants, but objected to Defendants' request for the Plaintiffs' identification cards because

> [requests for] identification cards. . .are irrelevant to the [FLSA and NYLL] claims in the Complaint. Indeed, they appear to be a "back door" to plaintiffs' immigration status.

*Lopez v. Guzman*, No. 17 CV 1668 (ARR) (CLP), 2018 U.S. Dist. LEXIS 245882, at *11 (E.D.N.Y. Nov. 27, 2018)(citing *Marquez v. Erenler, Inc.*, 2013 U.S. Dist. LEXIS 138630, 2013 WL 5348457, at *2.

Due to an oversight the Plaintiffs' February 11, 2026 response was not filed with the Court nor was the motion opposed. On February 26, 2026 the Court issued a docket order as follows:

> The defendants' request to compel the plaintiffs to provide outstanding discovery is granted, as unopposed. On or before March 6, 2026, the plaintiffs shall serve the defendants with (1) post-deposition documents requested in defendants' letter dated December 9, 2026; (2) Court-Ordered Interrogatories from opt-in plaintiff German DeJesus Portillo; and (3) a copy of the transcript from defendant Theodore Passelis'

Hon. Arlene R. Lindsay, USMJ
Re: *Cruz v. Demarco Brothers Landscaping*
Page 2

      second deposition conducted on November 14, 2026. Failure to do so may result in a recommendation that the case be dismissed for failure to prosecute.

      On March 6, 2026 the Plaintiff complied with the Defendants' remaining discovery requests, except with regard to the requests for identification. On Friday, March 13, 2026 I had a meet and confer with the Defendants' attorney. I explained that we believed that the request for identification cards was irrelevant and improper, but that the Plaintiffs would bring ID with them at the time of trial to show to the trial judge at the trial judge's discretion. However, Defendants are not satisfied with this offer and have filed yet another motion to extend.

      As a pretext for seeking identification cards, the Defendants now raise an "issue" that was never previously raised at any time before March 13, 2026. The Defendants claim that two of the Plaintiffs' names in the caption vary from their names in the defendant's payroll records: Plaintiff Oscar Cruz appears on payroll records as "Oscar Cruz Mejia" and Carlos Vasquez appears as "Carlos Vasquez Lantigua." Although the Defendants have never questioned the name variation for the past 3 years, they have noted the Plaintiffs' claimed immigration status: Defendant Theodore Passelis testified at his deposition of his belief that "they are undocumented." Passelis Dep. 79:6-12.

      The Defendants offer no reason whatsoever why they want ID cards from Mynor Polanco or German Portillo. With regard to Oscar Cruz and Carlos Vasquez, the reason for the name variation is straightforward. In Central America an individual has a given name and "double surnames" – the father's surname followed by the mother's surname. "Mejia" is Oscar Cruz's maternal surname, and "Lantigua" is Carlos Vasquez's maternal surname. In the US there is flexibility regarding the use of surnames. *See* https://www.uscis.gov/policy-manual/volume-1-part-e-chapter-5 (last visited 3/16/2026). Had the Defendants wanted to know this, they could have easily questioned the Plaintiffs regarding the name variation at their depositions, through interrogatories, or in good faith meet and confers between counsel over the three-year course of discovery. They did not.

      "[T]he law in this Circuit is clear that a plaintiff's immigration status has no bearing on her rights to recover unpaid wages under the FLSA or New York Labor Law." *Mrs. Bloom's Direct Inc. v. Saavedra*, No. 18-CV-8041 (OTW), 2019 U.S. Dist. LEXIS 167163, 2019 WL 4733600, at *1 (S.D.N.Y. Sept. 27, 2019) (citation omitted); *see also Kim v. Kum Gang, Inc.*, No. 12 Civ. 6344 (MHD), 2014 U.S. Dist. LEXIS 77041, 2014 WL 2510576, at *1 (S.D.N.Y. June 2, 2014) ("The immigration status of the plaintiffs is not relevant in this case, in which they seek full payment for work that they have performed while in defendants' employ."); *Campos v. Zopounidis*, No. 09-CV-1138 (VLB), 2011 U.S. Dist. LEXIS 118284, 2011 WL 4852491, at *1 (D. Conn. Oct. 13, 2011) ("[e]vidence of Plaintiff's Immigration Status is inadmissible because it directly contradicts a large body of case law from numerous Circuits including District Courts within the Second Circuit clearly holding that all employees, regardless of immigration status, are protected by provisions of the FLSA."); *Solis v. Cindy's Total Care, Inc.*, No. 10 Civ. 7242 (PAE), 2011 U.S. Dist. LEXIS 125501, at *3-4 (S.D.N.Y. Oct. 31, 2011) (An employee's "immigration status [] is not [] a suitable area for pretrial discovery.").

Hon. Arlene R. Lindsay, USMJ
Re: *Cruz v. Demarco Brothers Landscaping*
Page 3

      For the foregoing reasons, Plaintiffs respectfully request that the Court issue a protective order concerning the Defendants' requests for identification documents and that the motion to extend be denied. All other requests have been complied with.

                                                  Respectfully Submitted,

                                                  *Steven J. Moser*
                                                  Steven J. Moser

CC:    All counsel of record via ECF

MOSER LAW FIRM, PC
453 W. MAIN STREET, HUNTINGTON, NY 11743