

March 27, 2026

**VIA ECF**

Hon. Gary R. Brown, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11717

**RE:**   ***Cruz v Demarco Bros Landscaping & Tree Service Corp***
 **Case No. 2:23-cv-9200 (GRB) (ARL)**

Dear Judge Brown

I represent the Plaintiffs in the above captioned action.  Plaintiffs respectfully file this pre-motion letter concerning the following anticipated motions: (1) for summary judgment finding that the defendants (including the individual defendant Theodore Passelis), employed the Plaintiffs (2) for summary judgment finding the records maintained by the Defendants are inadequate under the FLSA and the NYLL; and (3) for an order either precluding Theodore Passelis from testifying at trial or making an adverse inference due to the defendants' concealment or deletion of relevant information sought in discovery. Filed contemporaneously herewith is Plaintiffs' Statement of Undisputed Facts (Plaintiffs' "Statement").

**Employer liability.** This is an FLSA/NYLL overtime case in which the Plaintiffs were employed by DeMarco Bros. Landscaping and Tree Service Corp.  Whether the Defendants employed the Plaintiffs as employees is not disputed.  *See* Statement ¶¶ 1-4.

**Adequacy of Records.** The Defendants concede that there was no way for employees to record the beginning and ending of their workday.  Statement ¶¶ 9-16. The defendant Theodore Passelis claims that he wrote down the daily time records on a piece of paper but threw the paper away each week.  Statement ¶ 17.

The defendants also agree that they paid Polanco only in cash and paid the remaining Plaintiffs a combination of cash and check.  *See* Statement ¶¶ 18-21. The Defendants produced "Payroll Journals" showing the checks paid to the Plaintiffs.  However, the journals do not have any information regarding the cash payment of wages and are clearly fabricated. *See* Statement ¶¶ 22-27.  When asked if the hours listed on the payroll journals were made up", Mr. Passelis responded "I can't recall."  Statement ¶ 26.

Mr. Passelis used "Payroll Sheets" which he created after looking at a YouTube video which he claim reflect the payment of cash and check to employees.  Statement ¶ 28. Defendants only have these "Payroll Sheets" for 2018 and 2019. Statement ¶ 29.  The Defendants can't find the payroll sheets for 2020-2023.  And the payroll sheets for 2018 and 2019 are a failed attempt to feign compliance with labor laws.  Mr. Passelis agreed that much of the information on the "Payroll Sheets" is simply incorrect. Statement ¶ 30. Moreover, there are two individuals on the Payroll



Sheets named "Carlos" and Mr. Passelis does not know which "Carlos" is Carlos Vasquez. Statement ¶ 31. According to the payroll sheets, an employee who worked a full six-day workweek conveniently only worked 40 hours. Statement ¶ 32.

As noted in the Court's decision in Gonzalez v. Allied Concrete Indus., 575 F. Supp. 3d 336, 340-341, "In this case, it is beyond dispute that the defendants, in many instances, failed to keep adequate payroll and employment records and, in certain instances, failed to keep records at all. The effect of these omissions and failures is clear."

The FLSA requires an employer to "make, keep, and preserve" records of employee wages, hours, and employment conditions. 29 U.S.C. § 211(c). Under the FLSA, "[w]hen an employer fails to maintain accurate and complete records of the hours employees work and the amounts they are paid, the plaintiff-employee need only . . . submit 'sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred.'" *Gonzalez v. Masters Health Food Serv. Inc.*, No. 14 Civ. 7603 (VEC), 2017 U.S. Dist. LEXIS 139174, 2017 WL 3835960, at *16 (S.D.N.Y. July 27, 2017) (*quoting Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997)). An employee discharges his burden at this first step "if [she] . . . can prove …that [she] 'in fact performed work for which [she] was improperly compensated and if [she] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176(PAE), 2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493, at *27 (S.D.N.Y. June 9, 2016) (quoting [*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)]). "This burden is 'not high' and may be met 'through estimates based on [the employee's] own recollection.'" *Id.* (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)).

If an employee makes this showing, "[t]he burden then shifts to the employer to come forward [i] with evidence of the precise amount of work performed or [ii] with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *JRPAC*, 2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493, at *27 (quoting Mt. Clemens Pottery Co., 328 U.S. at 687-688, 66 S.Ct. 1187). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate." *Gonzalez*, 2017 U.S. Dist. LEXIS 139174, 2017 WL 3835960, at *16 (*quoting Mt. Clemens Pottery Co.*, 328 U.S. at 688, 66 S.Ct. 1187).

"A similar standard applies to unpaid compensation claims under [the] NYLL." *Gonzalez*, 2017 U.S. Dist. LEXIS 139174, 2017 WL 3835960, at *16 (*citing Canelas v. World Pizza, Inc.*, No. 14 Civ. 7748 (ER), 2017 U.S. Dist. LEXIS 50615, 2017 WL 1233998, at *9 (S.D.N.Y. Mar. 31, 2017); NYLL § 196-a(a)); *see Garcia v. JonJon Deli Grocery Corp.*, No. 13 Civ. 8835 (AT), 2015 U.S. Dist. LEXIS 108264, 2015 WL 4940107, at *4 n.8 (S.D.N.Y. Aug. 11, 2015) ("Courts use the same burden-shifting framework to determine liability for unpaid overtime under the NYLL [and the FLSA].") But under the NYLL, an employer who fails to keep accurate records shoulders a more stringent burden of proof: "NYLL § 196-a provides that where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the



burden of proving that the complaining employee was paid wages, benefits and wage supplements.'" *Canelas*, 2017 U.S. Dist. LEXIS 50615, 2017 WL 1233998, at *9 (quoting NYLL § 196-a(a)); *see generally Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017) (discussing the FLSA and NYLL burden-shifting frameworks where an employer's payroll records are inaccurate or incomplete), *aff'd*, 752 F. App'x 33 (2d Cir. 2018) (summary order). "By its terms, the NYLL — unlike the FLSA — does not permit an employer to discharge this burden by undermining the reasonableness of an employee's evidence that [she] was underpaid." *Id.* at 498. In contrast, the NYLL requires that an employer demonstrate by a preponderance of the evidence that it in fact paid its employees "wages, benefits and wage supplements." NYLL § 196-a(a); *see JRPAC*, 2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493, at *36. And "[i]f an employer cannot satisfy its burden under the FLSA, it cannot satisfy th[is] 'more demanding burden' of the NYLL." *Canelas*, 2017 U.S. Dist. LEXIS 50615, 2017 WL 1233998, at *9 (*quoting Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 n.15 (S.D.N.Y. 2005)).

*Chichinadze v. BG Bar Inc.*, 517 F. Supp. 3d 240, 252-53 (S.D.N.Y. 2021).

**Spoliation.** In this case, the failure to maintain employment and payroll records is compounded by the Defendants' willful refusal to furnish text messages that would in fact support the Plaintiffs' case. The Plaintiffs have some, but not all, of these messages. The Defendant Theodore Passelis testified at a deposition on May 27, 2025 that he had relevant text messages on his phone. *See* Passelis Dep. 59:23-60:14; 61:10-17. On July 29, 2025 Plaintiffs specifically requested that Mr. Passelis produce, prior to his continued deposition, the text messages with the following requests:

> **REQUEST FOR PRODUCTION NO. 2:**
>
> Please produce all documents, including emails, text messages, or any other document concerning the beginning of the workday or the end of the workday for employees during the relevan time period.[2] *See* Passelis Dep. 59:23-60:14.

> **REQUEST FOR PRODUCTION NO. 3:**
>
> Please produce all text messages between you and each of the Plaintiffs during the relevant time period.[3] *See* Passelis Dep. 61:10-61:17.

Three months later, on October 24, 2025 Defendants responded to the requests as follows:

*Defendants are not in possession of any of the requested documents. No responsive materials are being withheld on the basis of any objection, or otherwise.*

The deposition of Theodore Passelis was continued on November 14, 2025. At that time he admitted that he had not bothered to look for text messages on his phone before denying their

**MOSER LAW FIRM, P.C.**
453 West Main Street, Huntington, NY 11743
O: (631) 759-9766 | www.moserlawfirm.com



existence. Passelis Dep. 139:23-140:2; 140:14-18; 144:14-17. He had not made a backup of his phone and had made no efforts to identify or preserve text messages between him and the Plaintiffs. *Id.*

Mr. Passelis, through counsel, now maintains that he does not have the text messages which he confirmed existed on May 27, 2025 and November 14, 2025. No explanation for their non-production has been offered.

**Law.** It is well established in the Second Circuit that under Rule 37, "intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary measures." Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel employees and Restaurant Employees Intern. Union, 212 F.R.D. 178, 219 (S.D.N.Y. 2003), citing Penthouse Int'l, Ltd. v. Playboy Enters., 663 F.2d 371, 387 (2d Cir. 1981). Moreover, the sanction of adverse inferences is available even for negligent behavior. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 108 (2d Cir. 2002); Metropolitan Opera Ass'n, Inc., 212 F.R.D. at 219 ("The Residential Funding court [] recalled earlier holdings that in determining whether evidence was made unavailable by a party with a culpable state of mind, the sanction of an adverse inference instruction was also available for negligent conduct.").

A party is required to make a reasonable inquiry prior to making representations concerning the existence of documents. FRCP 26(g). Failure to make such reasonable inquiry before denying the existence of documents "constitutes such gross negligence as to rise to intentional misconduct." Metropolitan Opera Ass'n, Inc., 212 F.R.D. at 219.

**Conclusion.** For the foregoing reason, the Plaintiffs move for summary judgment as to employer liability and the adequacy of the defendant's records. We also will ask that Mr. Passelis be precluded from testifying at the time of trial and that an adverse inference be drawn from his discovery misconduct, namely that (1) defendants have intentionally concealed and or deleted relevant text messages, and (2) that the defendants did so because the messages incriminated the Defendants.

Respectfully Submitted,

*Steven Moser*

Steven Moser

**MOSER LAW FIRM, P.C.**
453 West Main Street, Huntington, NY 11743
O: (631) 759-9766 | www.moserlawfirm.com