UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Oscar Cruz, Mynor Polanco, Carlos Vasquez, and German Portillo,

Plaintiff(s),

-against-

Demarco Bros Landscaping & Tree Service Corp d/b/a
Frank Giovinazzo Tree Service d/b/a Frank Giovinazzo
North Shore Tree Service d/b/a North Shore Tree Service,
and Theodore Passelis,

Defendant(s).

**Case No. 2:23-cv-9200 (GRB)(ARL)**

**PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LR 26.1**

**I.      The Defendants Were Employers and Plaintiffs Were Their Employees**

1.   The Defendant Demarco Brother's Landscaping & Tree Service Corp. ("DeMarco") employed the Plaintiffs.  Complaint ¶ 8 (annexed as Exhibit 1); Answer ¶ 17 (Exhibit 2).

2.   The Defendant Theodore Passelis ("Passelis") employed the Plaintiffs. Complaint 2nd ¶ 14; Answer ¶ 14.

3.   Passelis was the President of Demarco during the Plaintiffs' employment. Complaint 2nd ¶ 10; Answer ¶ 19.

4.   Passelis had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay. Complaint 2nd ¶ 12; Answer 21.

**II.     The Plaintiffs' Duration of Employment**

5. Oscar Cruz began working before December 15, 2017 and stopped working on July 15, 2023. Def. Responses to Pl. Interrogatories Dated March 18, 2025; Rog. No. 1 (Exhibit 3).

6. Defendants are "not certain of the start and stop dates for plaintiff Mynor Polanco." He stopped working on or before July 15, 2023. Def. Responses to Pl. Interrogatories Dated March 18, 2025; Rog. No. 1.

7. Carlos Vasquez began working before December 15, 2017and stopped working on July 15, 2023. Def. Responses to Pl. Interrogatories Dated March 18, 2025; Rog. No. 1.

8. German Portillo began working on or about April 12, 2021 and stopped working on March 11, 2022. Def. Responses to Pl. Interrogatories Dated March 18, 2025; Rog. No.

## III.    **The Defendants Records Are Inadequate under the FLSA and the NYLL.**

### a.  **The Defendants Did not Keep Adequate Time Records**

9. The Defendants do not have any means for recording when employees reported to work at the yard. Passelis Dep. 24:4-7 of May 27, 2025 (Exhibit 4).

10. The Defendants do not have any time clock records. Passelis Dep. 23:25-24:3.

11. All employees of Demarco would report to 320 Cedar Swamp Road, Glen Head, New York 11545 ("the yard") in the morning. Passelis Dep. 28:2-25.

12. The Defendants do not have any records showing the time when employees arrived at the yard. Passelis Dep. 24:8-11.

13. The Defendants do not have any records showing the time that employees arrived at the first jobsite. Passelis Dep. 24:18-25:10-13.

14. The Defendants do not have any records showing the time that the workday ended.

15. No records of the hours or days worked by Mynor Polanco exist.[1]

16. No records of the hours or days worked by German Portillo exist.

17. Theodore Passelis claims that he wrote down the days and the times that other employees began and ended their workday on a piece of paper.  Passelis Dep. 31:23-25.  He threw the paper out.  Passelis Dep. 31:23-32:3.

    **b.**  **Defendants did not keep any whatsoever records showing the Cash Wages of Mynor Polanco or German Portillo**

18. The Defendants always paid Mynor Polanco exclusively in cash.  Passelis Dep. 55:14-16.

19. The Defendants paid Oscar Cruz, German Portillo and Carlos Vasquez partially by check and partially in cash. Passelis Dep. of November 15, 2025 195:22-196:3 (Exhibit 5); *See* "Payroll Sheets" DEF0001-DEF0081 (Exhibit 5).

20. The Defendants have no record of the cash wages paid to Mynor Polanco.

21. The Defendants have no record of the cash wages paid to German Portillo.

    **c.**  **The Payroll Journals Furnished by The Defendants are Inadequate and Contrived**

22. The Defendants produced "Payroll Journals."  *See* DEF00084-DEF00102; DEF00110-00172; DEF00242-276 (Exhibit 6).

23. The payroll journals do not reflect the cash compensation paid to the Plaintiffs.  Passelis Dep. 55:14-16.

---

[1] Hereinafter, where the Defendant has been unable to produce records in the course of this litigation, Plaintiffs indicate that such records do not exist.

24. The amount of wages paid by check to Oscar Cruz, German Portillo and Carlos Vasquez remined the same week-by week, regardless of the actual hours worked. *See* DEF00084-DEF00102; DEF00110-00172; DEF00242-276.

25. Mr. Passelis does not know where the "hours" on the payroll sheets comes from. Passelis Dep. 155:16-21.

26. Mr. Passelis cannot recall if the "hours" on the payroll sheets are simply "made up". Passelis Dep. 155:22-25.

27. Mr. Passelis cannot explain why the payroll sheets show that the hours worked by each plaintiff are the same week after week. Passelis Dep. 158:10-22 ("Q: Is there a reason…he worked 32 hours virtually every single workweek?"; "A: I can't answer that question because I don't know how many hours he worked.").

    **d.   Defendants do not have any records showing the cash wages paid to Oscar Cruz or Carlos Vasquez' on or after January 1, 2020.**

28. The Defendants produced "Payroll Sheets" created by Theodore Passelis based on a YouTube video he saw. Passelis Dep. 19:13-17; *See* DEF0001-DEF0081 (Exhibit 7).

29. Defendants only have these "Payroll Sheets" for 2018 and 2019.  They can't find "Payroll Sheets" for the remainder of the Plaintiffs' employment. Passelis Dep. 129:15-18; *See* DEF0001-DEF0081.

    **e.   Defendants' "Payroll Sheets" for Oscar Cruz and Carlos Vasquez for 2018 and 2019 are Inadequate**

30. In many cases the information on the "Payroll Sheets" for Oscar Cruz is simply incorrect. *See* Passelis Dep. 37:7-16 (Passelis admitting that the overtime rate for Oscar Cruz on the "Payroll Sheet" was "incorrect"); 45:2-12 (Mr. Passelis unable to explain how Oscar Cruz's hourly rate was computed); 47:6-13 (admitting that the "check"

compensation on the payroll sheet did not match the actual amount of Oscar Cruz's check).

31. There are two individuals named "Carlos" on the Payroll Sheets and Mr. Passelis does not know which "Carlos" is Carlos Vasquez. *See* Passelis Dep. 23:2-5 ("I'm not sure it's him because we had two Carlos").

32. The payroll sheets are a failed attempt to feign compliance. According to the payroll sheets, an employee who worked six days a week for the Defendants conveniently only worked 40 hours. See DEF00004.

**f.   The Defendants did not maintain copies of Wage Statements**

33. Defendants do not have copies of any wage statements furnished to the Plaintiffs showing the calculation of the Plaintiffs' cash compensation.

34. The checks furnished by the Defendants do not reflect the cash compensation.

Dated: March 27, 2026
Huntington, New York

MOSER LAW FIRM, P.C.

*Steven John Moser*
Steven John Moser (SM6628)
453 W. Main Street
Huntington, New York 11743
steven.moser@moserlawfirm.com
(631) 824-0200

Exhibits:    1    Complaint
2    Answer
3    Def. Response to Pl. Rogs.
4    Passelis Deposition Transcript (May 27, 2025)
5    Passelis Deposition Transcript (November 15, 2025)
6    Payroll Journals
7    Payroll Sheets