UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Oscar Cruz, Mynor Polanco and Carlos Vasquez, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff(s),<br><br>-against-<br><br>Demarco Bros Landscaping & Tree Service Corp d/b/a Frank Giovinazzo Tree Service d/b/a Frank Giovinazzo North Shore Tree Service d/b/a North Shore Tree Service, and Theodore Passelis,<br>Defendant(s). | **Case No.**<br><br>**COMPLAINT** |

Plaintiff(s) Oscar Cruz, Mynor Polanco and Carlos Vasquez, by the Moser Law Firm, P.C. hereby file(s) this complaint against Defendants Demarco Bros Landscaping & Tree Service Corp d/b/a Frank Giovinazzo Tree Service d/b/a Frank Giovinazzo North Shore Tree Service d/b/a North Shore Tree Service, and allege(s) as follows:

### INTRODUCTION

1.  This complaint is filed by Plaintiffs against Defendants to recover:

    a.  Overtime premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2;

    b.  Statutory damages for wage statement violations of NYLL § 195(3);

    c.  Statutory damages for wage notice violations under NYLL § 195(1);

    d.  Damages for national origin discrimination under the New York State Human Rights Law (NY Executive Law§ 296(a)).

### JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.   In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.   Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## PARTIES

### *Plaintiffs*

#### *Oscar Cruz*

5.   Plaintiff Oscar Cruz is a natural person who resides in Nassau County, New York.

6.   Oscar Cruz was an employee of Defendant Demarco Bros Landscaping & Tree Service Corp ("Demarco") at times during the six-year and 228-day period preceding the filing of this complaint ("relevant time period").

#### *Maynor Polanco*

7.   Plaintiff Maynor Polanco is a natural person who resides in Nassau County, New York.

8.   Maynor Polanco was an employee of Demarco at times during the relevant time period.

#### *Carlos Vasquez*

9.   Plaintiff Carlos Vasquez is a natural person who resides in Nassau County, New York.

10.   Carlos Vasquez was an employee of Demarco at times during the relevant time

period.

### *Defendants*

### *Demarco Bros Landscaping & Tree Service Corp*

2.      Defendant Demarco Bros Landscaping & Tree Service Corp ("Demarco") is a domestic  corporation formed under the laws of the State of New York.

3.      Demarco Bros Landscaping & Tree Service Corp does business as Frank Giovinazzo Tree Service, Frank Giovinazzo North Shore Tree Service, and North Shore Tree Service.

4.      Defendant's principal place of business is located in Nassau County, New York.

5.      During the Relevant time period, Demarco performed tree cutting and removal services.

6.      Demarco has been engaged in commerce as defined in 29 U.S.C. §§ 201 *et. seq.* during the relevant time period.

7.      For each calendar year from January 1, 2020, and up to the present time  Paradise's annual gross volume of sales made or business done was not less than $500,000.

8.      Demarco employed the Plaintiffs.

### *Theodore Passelis*

9.      Theodore Passelis is a natural person who resides in Nassau County, New York.

10.      Upon information and belief, Passelis has been the President of Demarco during the relevant time period.

11.      Upon information and belief, Passelis has been an officer of Demarco during the relevant time period.

12.      Passelis had the power to hire and fire the Plaintiffs, supervised and  controlled their work schedules, the conditions of their employment, determined the rate and  method of their pay,

3

and maintained records of their employment.

13.    Upon information and belief, Passelis exercised sufficient operational control over Demarco to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

14.    Passelis employed the Plaintiffs.

**FACTUAL ALLEGATIONS**

*Oscar Cruz*

15.    The Plaintiff Oscar Cruz ("Cruz") was employed by Demarco as a driver and laborer from approximately 2006 until July 15, 2023.

16.    The Defendants paid the Plaintiff Cruz as follows:

a.    From 2017 until December 31, 2022, $175 per day;

b.    From January 1, 2023 until July 15, 2023, $180 per day.

17.    The Defendants did not pay Cruz an overtime premium when he worked more than 40 hours per week.

18.    The Defendants did not pay Cruz for hours worked in excess of 8 hours/day.

19.    The Defendants did not pay Cruz 1 ½ times his regular rate of pay for all hours worked in excess of 40 hours week.

20.    For example, upon information and belief Cruz worked from approximately 7:00 am until 4:30 pm from Monday, June 5, 2023 through Saturday, June 10 2023, with a ½ hour lunch each day.  During this workweek he worked at least 54 hours.  He was paid approximately $180.00 per day, or $1,080.00 per week ($416.10 in check, and $680 in cash).  During this workweek, he was paid for 40 hours at his regular rate of pay ($180/8 hours = $22.50), and for the first 8 hours of overtime at his regular rate of pay ($22.50).

4

21.     The wage statements furnished by Demarco to Cruz were fictitious and did not correctly state the hours worked, hourly rate, or wages paid to Cruz.  In addition, the wage statements did not contain the employer's telephone number as required by NYLL § 195(3).

*Mynor Polanco*

22.     The Plaintiff Mynor Polanco("Polanco") was employed by Demarco as a driver and laborer from June 2022 until July 15, 2023.

23.     The Defendants paid Plaintiff Polanco $300 in cash, per day.

24.     The Defendants did not pay Polanco an overtime premium when he worked more than 40 hours per week.

25.     The Defendants did not pay Polanco for hours worked in excess of 8 hours/day.

26.     The Defendants did not pay Polanco 1 ½ times his regular rate of pay for all hours worked in excess of 40 hours week.

27.     For example, upon information and belief Polanco worked from approximately 7:00 am until 4:30 pm from Monday, June 5, 2023 through Saturday, June 10 2023, with a ½ hour lunch each day.  During this workweek he worked at least 54 hours.  He was paid $300 per day, or $1,800.00 per week.  During this workweek, he was paid for 40 hours at his regular rate of pay ($300/8 hours = $37.50), and for the first 8 hours of overtime at his regular rate of pay ($37.50).

28.     Defendants failed to furnish wage statements to Polanco as required by NYLL § 195(3).

29.     Defendants never furnished Polanco with a notice within 10 days of hiring as required by NYLL § 195(1) and 198(1-b).

30.     The Plaintiff Carlos Vasquez ("Vasquez") was employed by Demarco as a driver and laborer from approximately March 2017 until July 15, 2023.

5

31.     The Defendants paid the Plaintiff Vasquez as follows:

     a.   2018: $145 per day;
     b.   2019: $150 per day;
     c.   2020: $155 per day;
     d.   2021: $160 per day;
     e.   2022: $165 per day;
     f.   2023: $170 per day.

32.     The Defendants did not pay Vasquez an overtime premium when he worked more than 40 hours per week.

33.     The Defendants did not pay Vasquez for hours worked in excess of 8 hours/day.

34.     The Defendants did not pay Vasquez 1 ½ times his regular rate of pay for all hours worked in excess of 40 hours week.

35.     For example, upon information and belief Vasquez worked from approximately 7:00 am until 4:30 pm from Monday, June 5, 2023 through Saturday, June 10 2023, with a ½ hour lunch each day.  During this workweek he worked at least 54 hours.  He was paid approximately $170.00 per day, or approximately $1,020.00 per week ($416.10 in check, and approximately $600 in cash).  During this workweek, he was paid for 40 hours at his regular rate of pay ($180/8 hours = $21.25), and for 8 hours of overtime at his regular rate of pay ($21.25).

36.     The wage statements furnished by Demarco to Vasquez were fictitious and did not correctly state the hours worked, hourly rate, or wages paid to Vasquez.  In addition, the wage statements did not contain the employer's telephone number as required by NYLL § 195(3).

37.     Defendants did not furnish Polanco a notice within 10 days of hiring as required by NYLL § 195(1).

*Willfulness*

38.     Defendants' violations of the Fair Labor Standards Act and the NYLL were willful.

6

39. The Plaintiffs payment of cash wages and furnishing of fictitious wage statements was designed to evade the Defendants' obligation to pay overtime.

40. The Defendants' failed to post notices of employee rights as required by the NYLL and the FLSA.

41. The Defendants' made "off-the-books" cash payments to employees.[1]

42. The failure to record and report cash wages was not "mere negligence" but constitutes criminal conduct, including:

   a. Falsification of business records (N.Y. Penal Law § 175.10);

   b. Failure to secure workers' compensation insurance (N.Y. Workers' Comp. Law § 52 );

   c. Insurance fraud (N.Y. Workers' Comp. Law § 114);

   d. Falsification of workers' compensation payroll records (N.Y. Workers' Comp. Law § 131);

   e. Payroll tax fraud (26 U.S.C. § 7202);

   f. Unemployment insurance fraud (N.Y. Lab. Law § 632).

43. In addition, in order to obtain licenses for tree removal in various jurisdictions on long island, contractors are required to make sworn statements that their employees are covered by workers' compensation insurance. Upon information and belief, the Defendants furnished such statements to the:

   a. County of Nassau;

---

[1] The failure to post notices, paying employees "off-the-books" and failing to properly pay overtime support a finding of willfulness. *See Zhengfang Liang v. Café Spice SB, Inc.*, 911 F. Supp. 2d 184, 200 (E.D.N.Y. Nov. 29, 2012); *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120, 2013 U.S. Dist. LEXIS 85697, at *15 (E.D.N.Y. June 18, 2013); *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp. 3d 274, 280 (E.D.N.Y. 2015).

    b.   Incorporated Village of Bayville;

    c.   Incorporated Village of Brookville;

    d.   City of Glen Cove;

    e.   Incorporated Village of Plandome;

    f.   Town of Oyster Bay;

    g.   Incorporated Village of Sands Point;

    h.   Village of Roslyn.

*National Origin Discrimination*

44.    Oscar Cruz is a native of Guatemala.

45.    Mynor Polanco is a native of Guatemala.

46.    Carlos Vasquez is a native of the Dominican Republic.

47.    The Plaintiffs performed their work satisfactorily.

48.    Passelis hired Edgardo Villalobos as a foreman.

49.    Edgardo Villalobos is a native of El Salvador.

50.    Edgardo Villalobos was given authority by Passelis to hire and fire employees of Demarco.

51.    Edgardo Villalobos made hiring and firing decisions based upon national origin. More specifically, he hired employees from his country of origin (El Salvador) and fired employes who were from other countries.

52.    On July 15, 2023, without prior notice, Edgardo Villalobos fired Cruz, Polanco and Vasquez.

53.    Villalobos did not provide any explanation for the firing.

54.     Upon information and belief, the Demarco labor force is almost exclusively Salvadoran.

## COLLECTIVE ACTION ALLEGATIONS

55.     Plaintiffs bring their FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 2l6(b), on behalf of all employees who performed landscaping, tree trimming or other manual labor for the Defendants and who were employed within the three year period immediately preceding the filing of this action (the "putative collective").[2]

56.     At all relevant times, Plaintiffs and the members of the putative collective were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans which included: (1) paying a daily rate which was not intended to compensate employees for working more than 8 hours a day, (2) paying for the first 8 hours of Saturday overtime at the regular rate of pay rather than at one and one half times the regular rate of pay, (3) failing to pay employees any compensation for hours worked in excess of 48 each week, (4) paying them partly or wholly in cash so as to evade recordkeeping requirements and to give the false appearance of compliance with the FLSA.

57.     The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

58.     Upon information and belief, there are at least 25 similarly situated employees who would benefit from notice of this collective action.

---

[2] Plaintiffs reserve the right, as necessary to protect the rights of the putative collective, to amend this complaint to include NYLL claims of those similarly situated who consent to join this action.

## FIRST CAUSE OF ACTION

## Overtime Violations - Fair Labor Standards Act

## 29 U.S.C. §§ 201, *et. seq.*; 29 U.S.C. §§ 207(a) & 216

59.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

60.     Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

61.     At all times relevant, Plaintiffs were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

62.     The Defendants employed the Plaintiffs as an employer.

63.     The Defendants failed to compensate the Plaintiffs at one and one half times their regular rate of pay for all hours worked in excess of 40.

64.     Defendants did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Plaintiffs. Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

65.     As a result of Defendants' violations of the FLSA, the Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, including liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION

### Unpaid Overtime Violations

### NYLL Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2

66. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

67. At all times relevant, the Plaintiffs have been employees and Defendants have been the employer within the meaning of the NYLL § 651.

68. The Defendants failed to compensate the Plaintiffs at one and one half times their regular rate of pay for all hours worked in excess of 40.

69. The Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

70. Due to the Defendants' violations of the NYLL, the Plaintiffs are entitled to recover from the Defendants their unpaid overtime wages, liquidated damages, attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION

### Wage Statement Claims

### NYLL §§ 195(3) & 198

71. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

72. Defendants did not issue wage statements to Plaintiffs with each payment of wages that complied with NYLL § 195(3).

73. Due to the Defendants' violations of NYLL § 195(3), the Plaintiffs are entitled to recover from the Defendants statutory damages of $250 per workday up to a maximum of $5,000 each, attorneys' fees and costs of the action.

11

## FOURTH CAUSE OF ACTION

### Wage Notice Claim

### NYLL §§ 195(1) & 198

74.     Plaintiff Polanco realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

75.     The Defendants did not issue a wage notice to Polanco within 10 business days of hiring as required by NYLL § 195(1) and NYLL § 198(1-b).

76.     Due to the Defendants' violation of NYLL § 195(1) Polanco is entitled to recover from the Defendants statutory damages of $50 per workday up to a maximum of $5,000, attorneys' fees and costs of the action.

## FIFTH CAUSE OF ACTION

### National Origin Discrimination

### NY Executive Law§ 296(a) ("NYSHRL")

77.     Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

78.     Plaintiffs were natives of countries other than El Salvador.

79.     Edgardo Villalobos was a native of El Salvador.

80.     Plaintiffs satisfactorily performed their duties.

81.     Plaintiffs were terminated.

82.     Plaintiffs were not provided with any legitimate, non-discriminatory explanation for their termination.

83.     Plaintiffs were replaced with employees that were natives of El Salvador.

84. Due to the Defendants' violations of the NYSHRL, the Plaintiffs are entitled to compensatory damages, including lost wages, emotional distress, punitive damages, and attorneys' fees and costs of the action.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime wages under the FLSA;

B. Unpaid overtime wages under the NYLL;

C. Statutory damages for violations of NYLL § 195(3);

D. Statutory damages for violations of NYLL § 195(1);

E. Liquidated damages;

F. For national origin discrimination, back pay, front pay, emotional damages and punitive damages;

G. Attorneys' fees and costs of the action;

H. Pre-judgment and post-judgment interest as provided by law; and

I. Such other relief as this Court shall deem just and proper.

Dated: December 7, 2023
        Huntington, New York

MOSER LAW FIRM, P.C.

Steven John Moser (SM6628)
5 E Main Street
Huntington, New York 11743
steven.moser@moserlawfirm.com
(631) 824-0200
