UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

Oscar Cruz, Mynor Polanco and Carlos Vasquez,          :       Case No.: 23-CV-09200
*individually and on behalf of others similarly situated,*   :       (GRB)(ARL)

                   Plaintiff,          :

                              :       **ANSWER**

       - against -          :

                              :

                              :

Demarco Bros Landscaping & Tree Service Corp d/b/a          :
Frank Giovinazzo Tree Service d/b/a Frank Giovinazzo          :
North Shore Tree Service d/b/a North Shore Tree Service,  :
and Theodore Passelis,          :

                              :

              Defendants.          :

-------------------------------------------------------------------- X

      Defendants Demarco Bros Landscaping & Tree Service Corp d/b/a Frank Giovinazzo

Tree Service d/b/a Frank Giovinazzo North Shore Tree Service d/b/a North Shore Tree Service

(hereafter referred to as "Demarco"), and Theodore Passelis (all collectively referred to as

"Defendants") by their attorney, the Law Offices of Michael P. Giampilis, P.C. as and for its

answer to the plaintiff's complaint states as follows:

## INTRODUCTION

1. Defendants deny knowledge and information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph "1" of the complaint.

## JURISDICTION AND VENUE

2. Defendants neither admit nor deny the truth or falsity of the allegations contained in

paragraph "2" of the complaint. The Federal and New York State statutes cited by

plaintiff speak for themselves.

3. Defendants neither admit nor deny the truth or falsity of the allegations contained in

paragraph "3" of the complaint. The Fair Labor Standards Act ("FLSA") cited by

plaintiff speaks for itself.

1

4. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "4" of the complaint. The Federal statute cited by plaintiff speaks for itself.

## PARTIES

### *Plaintiffs*

### *Oscar Cruz*

5. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "5" of the complaint.

6. Defendants deny the allegations contained in paragraph "6" of the complaint.

### *Mynor Polanco*

7. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of the complaint.

8. Defendants deny the allegations contained in paragraph "8" of the complaint.

### *Carlos Vasquez*

9. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of the complaint.

10. Defendants deny the allegations contained in paragraph "10" of the complaint.

### *Defendants*

### *Demarco Bros Landscaping & Tree Service Corp.*

11. Defendants agree with the statements contained in the second paragraph "2" of the complaint.

12. Defendants agree with the statements contained in the second paragraph "3" of the complaint.

13. Defendants agree with the statements contained in the second paragraph "4" of the complaint.

2

Case 2:23-cv-09200-GRB-ARL   Document 37-2   Filed 04/25/24   Page 3 of 12 PageID #: 254

14. Defendants agree with the statements contained in the second paragraph "5" of the complaint in addition to other landscaping services.

15. Defendants neither admit nor deny the truth or falsity of the allegations contained in the second paragraph "6" of the complaint. The Federal statutes cited by plaintiff speak for themselves.

16. Defendants deny the allegations contained in the second paragraph "7" of the complaint.

17. Defendants agree with the statements contained in the second paragraph "8" of the complaint.

*Theodore Passelis*

18. Defendants agree with the statements contained in the second paragraph "9" of the complaint.

19. Defendants agree with the statements contained in the second paragraph "10" of the complaint.

20. Defendants agree with the statements contained in paragraph "11" of the complaint.

21. Defendants agree with the statements contained in paragraph "12" of the complaint.

22. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "13" of the complaint. The FLSA and NYLL speak for themselves.

23. Defendants agree with the statements contained in paragraph "14" of the complaint.

## FACTUAL ALLEGATIONS

*Oscar Cruz*

24. Defendants deny the allegations contained in paragraph "13" of the complaint.

25. Defendants deny the allegations contained in paragraph "14" of the complaint.

26. Defendants deny the allegations contained in paragraph "17" of the complaint.

27. Defendants deny the allegations contained in paragraph "18" of the complaint.

3

28. Defendants deny the allegations contained in paragraph "19" of the complaint.

29. Defendants deny the allegations contained in paragraph "20 of the complaint.

30. Defendants deny the allegations contained in paragraph "27" of the complaint.

31. Defendants deny the allegations contained in paragraph "21" of the complaint.

*Mynor Polanco*

32. Defendants deny the allegations contained in paragraph "22" of the complaint.

33. Defendants deny the allegations contained in paragraph "23 of the complaint.

34. Defendants deny the allegations contained in paragraph "24" of the complaint.

35. Defendants deny the allegations contained in paragraph "25" of the complaint.

36. Defendants deny the allegations contained in paragraph "26" of the complaint.

37. Defendants deny the allegations contained in paragraph "27 of the complaint.

38. Defendants deny the allegations contained in paragraph "28" of the complaint.

39. Defendants deny the allegations contained in paragraph "29" of the complaint.

40. Defendants deny the allegations contained in paragraph "30" of the complaint.

41. Defendants deny the allegations contained in paragraph "31" of the complaint.

42. Defendants deny the allegations contained in paragraph "32" of the complaint.

43. Defendants deny the allegations contained in paragraph "33" of the complaint.

44. Defendants deny the allegations contained in paragraph "34" of the complaint.

45. Defendants deny the allegations contained in paragraph "35" of the complaint.

46. Defendants deny the allegations contained in paragraph "36" of the complaint.

47. Defendants deny the allegations contained in paragraph "37" of the complaint.

*Willfulness*

48. Defendants deny the allegations contained in paragraph "38 of the complaint.

49. Defendants deny the allegations contained in paragraph "39" of the complaint.

4

50. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "40" of the complaint. The FLSA and NYLL speak for themselves.

51. Defendants deny the allegations contained in paragraph "41" of the complaint.

52. Defendants deny the allegations contained in paragraph "42" of the complaint.

53. Defendants deny the allegations contained in paragraph "43" of the complaint.

54. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "44" of the complaint.

55. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "45" of the complaint.

56. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "46" of the complaint.

57. Defendants deny the allegations contained in paragraph "47" of the complaint.

58. Defendants deny the allegations contained in paragraph "48" of the complaint.

59. Defendants deny the allegations contained in paragraph "49 of the complaint.

60. Defendants deny the allegations contained in paragraph "50" of the complaint.

61. Defendants deny the allegations contained in paragraph "51" of the complaint.

62. Defendants deny the allegations contained in paragraph "52" of the complaint.

63. Defendants deny the allegations contained in paragraph "53" of the complaint.

64. Defendants deny the allegations contained in paragraph "54" of the complaint.

## COLLECTIVE ACTION ALLEGATIONS

65. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "55" of the complaint.

66. Defendants deny the allegations contained in paragraph "56" of the complaint.

67. Defendants deny the allegations contained in paragraph "57" of the complaint.

5

68. Defendants deny the allegations contained in paragraph "58" of the complaint.

## FIRST CAUSE OF ACTION

## Overtime Violations- Fair Labor Standards Act

## 29 U.S.C. §§ 201, et seq.; 29 U.S.C. §§ 207(a) & 216

69. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "58" of the complaint.

70. Defendants deny the allegations contained in paragraph "60" of the complaint.

71. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "61" of the complaint. The federal statutes cited by plaintiff speak for themselves.

72. Defendants deny the allegations contained in paragraph "62" of the complaint.

73. Defendants deny the allegations contained in paragraph "63" of the complaint.

74. Defendants deny the allegations contained in paragraph "64" of the complaint.

75. Defendants deny the allegations contained in paragraph "65" of the complaint.

## SECOND CAUSE OF ACTION

## Unpaid Overtime Violations

## NYLL Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2

76. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "65" of the complaint.

77. Defendants deny the allegations contained in paragraph "67" of the complaint.

78. Defendants deny the allegations contained in paragraph "68" of the complaint.

79. Defendants deny the allegations contained in paragraph "69" of the complaint.

80. Defendants deny the allegations contained in paragraph "70" of the complaint.

## THIRD CAUSE OF ACTION

### Wage Statement Claims

### NYLL §§ 195(3) & 198

81. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "70" of the complaint.

82. Defendants deny the allegations contained in paragraph "72" of the complaint.

83. Defendants deny the allegations contained in paragraph "73" of the complaint.

## FOURTH CAUSE OF ACTION

### Wage Notice Claim

### NYLL §§ 195(1) & 198

84. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "73" of the complaint.

85. Defendants deny the allegations contained in paragraph "75" of the complaint.

86. Defendants deny the allegations contained in paragraph "76" of the complaint.

## FIFTH CAUSE OF ACTION

### National Origin Discrimination

### NY Executive Law § 296(a) ("NYSHRL")

87. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "76" of the complaint.

88. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "78" of the complaint.

89. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "79" of the complaint.

90. Defendants deny the allegations contained in paragraph "80" of the complaint.

7

91. Defendants deny the allegations contained in paragraph "81" of the complaint.

92. Defendants deny the allegations contained in paragraph "82" of the complaint.

93. Defendants deny the allegations contained in paragraph "83" of the complaint.

94. Defendants deny the allegations contained in paragraph "84" of the complaint.

---

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs were not employed by Defendants for the periods stated in the complaint. As such, no unpaid wages are due Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs were actually employed by Defendants, Plaintiffs' wages were fully paid for the entire period of their employment.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiffs, or in the alternative Plaintiffs' claims should be reduced and the Defendants are entitled to a setoff for all wages paid to Plaintiffs during the employment period actually worked by Plaintiffs, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' wages, including minimum wage, and overtime pay claimed in the complaint were fully paid in accordance with the Federal Labor Standards Act and New York State Labor Laws.

### SIXTH AFFIRMATIVE DEFENSE

The causes of action asserted in the complaint are barred, in whole or in part, by the doctrines of unclean hands and bad faith conduct.

8

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' actions were at all times proper and in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants do not/did not have gross annual sales over $500,000 during the period Plaintiffs claim they were underpaid in the underlying complaint. As such, this action must be dismissed in accordance with the threshold minimum required to bring a Federal Labor Standards Act in Federal Court.

## RESERVATION OF RIGHTS

Defendants hereby give notice to Plaintiffs as stated in their Answer that they lack sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in the Plaintiffs' complaint or specific knowledge of actions on the part of Plaintiffs or other persons that contributed to or caused Plaintiffs' alleged damages. Until Defendants avail themselves of their right of discovery, it cannot be determined whether or not the above stated Affirmative Defenses will be asserted at trial. Defendants assert these defenses in their Answer in order to preserve their right to assert these affirmative defenses at trial and to give Plaintiffs notice of their intention to assert these defenses and avoid waiver of any defenses.

Defendants therefore hereby reserve the right to add additional affirmative defenses as may become known during the course of discovery.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's complaint in its

entirety, with an award of costs, disbursements and reasonable attorneys' fees, together with such

other and further relief as to this Court seems just and proper.

Dated: January 25, 2024
Smithtown, New York

LAW OFFICES OF
MICHAEL P. GIAMPILIS, P.C.

/s Michael P. Giampilis
By: Michael P. Giampilis (MG3386)
Attorney for All Defendants
2 Supreme Court
Smithtown, New York 11787
(516) 739-5838
(631) 406-6437 fax
mgiampilis@giampilislaw.com

To:    Steven John Moser, Esq.
Moser Law Firm, P.C.
Attorneys for Plaintiff
5 E Main Street
Huntington, New York 11743
(631) 824-0200
steven.moser@moserlawfirm.com

10

<u>VERIFICATION</u>

STATE OF NEW YORK       }
COUNTY OF SUFFOLK     } ss:.

THEODORE PASSELIS, being duly sworn deposes and says that:

Your deponent is an officer of DEMARCO BROS LANDSCAPING & TREE SERVICE CORP, a domestic corporation and defendant in the within action. Your deponent has read the foregoing Answer, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. This verification is made by me because the above party is a corporation and I am an officer thereof. The grounds of my knowledge are my personal knowledge and a review of relevant books and records of the corporation.

_____
THEODORE PASSELIS

Sworn to before me, this
25th day of January, 2024

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public. State of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 20___

10

## VERIFICATION

STATE OF NEW YORK        }
COUNTY OF SUFFOLK        }  ss:.

THEODORE PASSELIS, being duly sworn deposes and says that:

Your deponent is a named defendant in the within action. Your deponent has read the foregoing Answer, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. The grounds of my knowledge are my personal knowledge and a review of relevant books and records.

_____
THEODORE PASSELIS

Sworn to before me, this
25th day of January, 2024

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public. State of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 2027

11