UNITED STATES DISRICT COURT FOR
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

Oscar Cruz, Mynor Polanco, Carlos Vasquez, and : Case No. 2:23-cv-9200 (GRB)(ARL)
German DeJesus Portillo, :
 :
     Plaintiffs, : **DEFENDANTS' AMENDED**
 : **RESPONSES TO PLAINTIFFS'**
   **FIRST SET OF**
   <u>**INTERROGATORIES**</u>
   - against - :
 :
Demarco Bros Landscaping & Tree Service Corp d/b/a :
Frank Giovinazzo Tree Service d/b/a Frank Giovinazzo :
North Shore Tree Service d/b/a North Shore Tree Service, :
and Theodore Passelis, :
 :
     Defendants. :

------------------------------------------------------------------------- X

   In accordance with this Court's Order rendered by the Honorable Arlene R.

Lindsay, U.S.M.J. on the 4th day of March, 2025, Defendants Demarco Bros Landscaping

& Tree Service Corp d/b/a Frank Giovinazzo Tree Service d/b/a Frank Giovinazzo North

Shore Tree Service d/b/a North Shore Tree Service ("Demarco"), and Theodore Passelis

(hereafter collectively referred to as "Defendants"), by and through their attorneys, Law

Offices of Michael P. Giampilis, P.C., provides its Amended Responses to Plaintiffs'

First Set of Interrogatories dated October 30, 2024 to the Defendants as follows:

   1.

     (1) Defendants object to this interrogatory insofar as it is vague, ambiguous,

     overbroad, and is not set forth with any specificity. Nonetheless, all named

     plaintiffs were landscaping helpers for Demarco. No responsive information is

     being purposely withheld on the basis of any objections, or otherwise.

(2) Each plaintiff held the position of landscaping helper for the entire time they were employed by Demarco. No responsive information is being withheld on the basis of any objections, or otherwise.

(3) Plaintiff Oscar Cruz began working with Demarco before December 15, 2017and stopped working on July 15, 2023. No responsive information is being purposely withheld on the basis of any objections, or otherwise. I am not certain of the start and stop dates for plaintiff Mynor Polanco but he worked for a limited time with Demarco and stopped working with Demarco on or before July 15, 2023. No responsive information is being withheld on the basis of any objections, or otherwise.

Plaintiff Carlos Vasquez began working with Demarco before December 15, 2017and stopped working on July 15, 2023. No responsive information is being withheld on the basis of any objections, or otherwise.

Plaintiff German DeJesus Portillo began working on or about April 12, 2021 and left his employment at Demarco on March 11, 2022. No responsive information is being withheld on the basis of any objections, or otherwise. The dates sought by plaintiffs in this interrogatory are better reflected in the Defendants' Amended Responses to Plaintiffs' First Request for Production to Defendants ("Defendants' Discovery Responses") served simultaneously with these interrogatory responses, and previously delivered time and pay records for plaintiffs Oscar Cruz, Mynor Polanco, and Carlos Vasquez on plaintiff's counsel's office via email on April 16, 2024 and April 23, 2024 in accordance with the Court's Order dated February 5, 2024 (all collectively referred to as

the, "Defendants' Time and Pay Records"). No other responsive information is being withheld on the basis of any objections, or otherwise.

2. None.  No responsive information is being withheld on the basis of any objections, or otherwise.

3. Defendants object to this interrogatory insofar as it is unduly burdensome, imposes an undue burden on Defendants and/or is intended to unreasonably annoy and harass Defendants. Defendants do not want to contradict the Defendants' Time and Pay Records already provided to Plaintiffs. Indeed, the information sought by plaintiffs in this interrogatory is more precisely reflected in the Defendants' Time and Pay Records. No responsive information is being withheld on the basis of any objections, or otherwise.

4. Defendants object to this interrogatory insofar as it is unduly burdensome, imposes an undue burden on Defendants and/or is intended to unreasonably annoy and harass Defendants. Defendants do not want to contradict the Defendants' Time and Pay Records already provided to Plaintiffs. Indeed, the information sought by plaintiffs in this interrogatory is more precisely reflected in the Defendants' Time and Pay Records. No responsive information is being withheld on the basis of any objections, or otherwise.

5. Defendants object to this interrogatory insofar as it is unduly burdensome, imposes an undue burden on Defendants and/or is intended to unreasonably annoy and harass Defendants. The information sought by plaintiffs in this interrogatory is more precisely reflected in the Defendants' Time and Pay Records. No

responsive information is being withheld on the basis of any objections, or otherwise.

6. I do not know. No responsive information is being withheld on the basis of any objections, or otherwise.

7. None

8. No one fired the plaintiffs. Plaintiffs left their employment at Demarco on their own.

9. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to unreasonably annoy and harass Defendant. Nonetheless, Defendants assert that all plaintiffs were paid correctly while employed at Demarco and Demarco will rely Defendants' Time and Pay Records at trial. No responsive information is being withheld on the basis of any objections, or otherwise.

10. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to unreasonably annoy and harass Defendant. Nonetheless, Defendants assert that all plaintiffs were paid correctly while employed at Demarco and Demarco will rely Defendants' Time and Pay Records at trial. No responsive information is being withheld on the basis of any objections, or otherwise.

11. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to unreasonably annoy and harass Defendant. Nonetheless, Defendants assert that all plaintiffs were paid correctly while employed at Demarco and Demarco will rely

Defendants' Time and Pay Records at trial. No responsive information is being withheld on the basis of any objections, or otherwise.

12. Theodore Passelis is the President of Demarco and would have knowledge regarding the information requested in this interrogatory. No responsive information is being withheld on the basis of any objections, or otherwise.

13. None of which I am aware. No responsive information is being withheld on the basis of any objections, or otherwise.

14. None of which I am aware. No responsive information is being withheld on the basis of any objections, or otherwise.

15. None of which I am aware. No responsive information is being withheld on the basis of any objections, or otherwise.

16. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to unreasonably annoy and harass Defendant. Nonetheless, Defendants assert that all plaintiffs were paid correctly while employed at Demarco and provide with a wage statement. *Please see* Defendants' Time and Pay Records. No responsive information is being withheld on the basis of any objections, or otherwise.

17. Any and all wage statements provided to plaintiffs is included within the Defendants' Time and Pay Records. No responsive information is being withheld on the basis of any objections, or otherwise.

18. Defendants object to this interrogatory to the extent that it seeks information which is neither relevant to the issues of law and fact in this action, nor reasonably calculated to lead to the discovery of admissible evidence. In addition,

Defendants object to this Interrogatory insofar as it is oppressive, palpably improper, unduly burdensome, imposes an undue burden on Defendants and/or is intended to unreasonably annoy and harass Defendants. Nonetheless, all plaintiffs operated gas powered hedge trimmers, wood chippers, lawn mowers, trim pliers, tree clippers. All plaintiffs operated pole saws and plaintiffs Oscar Cruz, Mynor Polanco, and Carlos Vasquez operated gas powered chain saws. Your affiant is not sure of the state or country of the tools used by plaintiffs while employed by Demarco. No responsive information is being withheld on the basis of any objections, or otherwise.

19. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, is not set forth with the required specificity, and/or is intended to unreasonably annoy and harass Defendant. Defendants also object to this interrogatory to the extent that it seeks information which is neither relevant to the issues of law and fact in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Lastly, Defendants object to this Interrogatory insofar as it is oppressive, palpably improper, unduly burdensome, imposes an undue burden on Defendants and/or is intended to unreasonably annoy and harass Defendants. No responsive information is being withheld on the basis of any objections, or otherwise.

20. Defendants object to this interrogatory insofar as it is vague, ambiguous, overbroad, and is not set forth with any specificity. In addition, Defendants object to this interrogatory to the extent that it seeks information or the identification of documents which are neither relevant to the issues of law and fact in this action,

nor reasonably calculated to lead to the discovery of admissible evidence. There is no legally supportable requirement or purpose for the Plaintiffs' highly private and intrusive request for Demarco's gross volume of business. Plaintiffs' claims don't involve any direct entitlement to the Defendants' gross volume of business. Plaintiffs seek damages for alleged wage underpayments pursuant to the FLSA and NYLL. Defendant Demarco is withholding information regarding its gross volume of business on the basis of this objection.

*Defendants reserve the right to supplement these interrogatory responses as additional information becomes available.*

Dated: March 18, 2025
Smithtown, New York

LAW OFFICES OF
MICHAEL P. GIAMPILIS, P.C.

*/s Michael P. Giampilis*
By: Michael P. Giampilis (MG3386)
Attorney for All Defendants
2 Supreme Court
Smithtown, New York 11787
(516) 739-5838
(631) 406-6437 fax
mgiampilis@giampilislaw.com

To:    Steven John Moser, Esq.
Moser Law Firm, P.C.
Attorneys for Plaintiff
5 E Main Street
Huntington, New York 11743
(631) 824-0200
steven.moser@moserlawfirm.com