UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OSCAR CRUZ, MYNOR POLANCO and CARLOS
VASQUEZ, individually and on behalf of others similarly
situated,

Plaintiffs,

-against-                                                    23-CV-9200 (GRB) (ARL)

DEMARCO BROS LANDSCAPING & TREE SERVICE
CORP d/b/a FRANK GIOVINAZZO TREE SERVICE d/b/a
FRANK GIOVINAZZO NORTH SHORE TREE SERVICE
d/b/a NORTH SHORE TREE SERVICE and THEODORE
PASSELIS,

Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the Court is the motion of Michael P. Giampilis ("Giampilis") and the Law

Offices of Michael P. Giampilis, P.C., seeking leave to withdraw as counsel for the defendants.

Despite being served with a copy of the motion, the defendants have not responded.  In addition,

counsel for the plaintiffs have indicated that they will not oppose the motion.  For the reasons set

forth below, the motion is granted.

Rule 1.4 provides that:

> Except where an attorney has filed a notice of limited-scope appearance as set
> forth in subsection (c), an attorney who has appeared for a party may be
> relieved or displaced only by order of the court. Such an order may be issued
> following the filing of a motion to withdraw, and only upon a showing by
> affidavit or otherwise of satisfactory reasons for withdrawal or displacement
> and the posture of the case, and whether or not the attorney is asserting a
> retaining or charging lien.

Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the

Southern and Eastern Districts of New York.  As indicated in the rule, the Court must consider

two factors when deciding a motion to withdraw (1) "'the reasons for withdrawal'" and (2) "'the

impact of the withdrawal on the timing of the proceeding.'" *Estate of Larry Shaw & Susan Shaw v. Marcus*, No. 7:14-CV-3849 (NSR), 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08-CV-6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)).  With respect to the reason for withdrawal, it is well-settled that a lawyer may seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991); *see also Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't 2004); *Johns-Manville Sales Corp. v. State Univ. Constr. Fund,* 79 A.D.2d 782, 434 N.Y.S.2d 830 (3d Dep't 1980); 22 NYCRR § 1200.15 (1995).  To this end, failure to pay legal fees has been found to be a legitimate ground for granting a motion to withdraw.  *Zaldivar v. Levent Co., Ltd.,* No. 22-CV-0065 (GRB) (ARL), 2024 WL 5847935, at *1 (E.D.N.Y. Aug. 27, 2024) (citing *FCS Advisors, LLC v. Island Fabrication LLC*, No. 23-CV-7341 (ALC) (KHP), 2024 U.S. Dist. LEXIS 78790 at * 4, 2024 WL 2133961 at *1 (S.D.N.Y. Apr. 30, 2024) ("[n]onpayment of fees has consistently been found to be a legitimate ground for granting a motion to withdraw by several Courts in this Circuit"); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd*., 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4." (collecting cases)); *Cower v. Albany Law Sch. of Union Univ.,* No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw." (citation omitted)).

In this case, Giampilis details the difficulties with continued representation of the defendants in his declaration.  Specifically, he states that the defendants have failed to satisfy

their financial obligations for legal fees and expenses despite repeated demands and reasonable opportunities to cure.  Giampilis  Decl. ¶ 4.  He also attests that the defendants have, at times, failed to cooperate in their defense, including extended periods of non-responsiveness to counsel's requests, thereby impairing counsel's ability to provide continued representation.  *Id*.

In addition, the withdrawal of defense counsel will not negatively impact the timing of this matter. Any prejudice caused by the withdrawal can be addressed by simply extending the remaining deadlines set by the Court.  Finally, Giampilis is not seeking a charging lien.  Accordingly, the motion to withdraw is granted.

Outgoing counsel is directed to serve a copy of this order on Theodore Passelis and Demarco Bros Landscaping & Tree Service Corp. immediately upon receipt.  The corporate defendant, Demarco Bros Landscaping & Tree Service Corp., is cautioned that it must appear by counsel or will be considered to be in default.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 202-03, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel).  Demarco Bros Landscaping & Tree Service Corp is ordered to secure substitute counsel no later than June 12, 2026.  On or before June 12, 2026, Theodore Passelis is also ordered to advise the Court if he intends to proceed *pro se* or he must have counsel file a notice of appearance on his behalf.

As outgoing counsel noted in his April 22, 2026 letter, on March 27, 2026, the plaintiffs filed a premotion conference letter with District Judge Brown in anticipation of their motion for summary judgment.  Prior to the submission of the motion to withdraw, the Court had established a deadline of April 24, 2026 for the submission of the defendants' Rule 56.1 Statement and response to the pre-motion conference letter.  In addition, a deadline for the

3

submission of a joint proposed pretrial order was set for April 30, 2026, and a final conference before the undersigned was scheduled for May 5, 2026.  By order dated April 24, 2026, the undersigned temporarily stayed all of the upcoming deadlines, including the May 5, 2026 conference, to give the Court an opportunity to address the instant motion.  Those dates must be reestablished.  Accordingly, on or before June 19, 2026, the parties are directed to submit a status report including a proposal for the remaining deadlines.  At that time, the plaintiffs should also advise the Court if they intend to proceed with the summary judgment motion.

Dated:  Central Islip, New York          **SO ORDERED:**
        May 12, 2026

                                   _____/s/_____
                                   ARLENE ROSARIO LINDSAY
                                   United States Magistrate Judge